Lego vs. Medley.

Lego, Appellant, vs. Medley, imp., Respondent.

*February 24 — March 17, 1891.*

*Deed: Construction of exception: Foreclosure: Practice: Parol evidence:
Costs.*

1. A deed of the "west half of the southwest quarter" of a certain sec-
   tion of land, "except one acre from the southeast corner, . . .
   together with the buildings thereon," must be construed with ref-
   erence to the circumstances of the transaction, the situation of the
   parties, the state of the property, and the location of the dwelling-
   house and other buildings, and of the highway passing the same,
   so as to secure to the grantor the parcel intended by the parties.
2. A person made defendant in a foreclosure action as claiming some
   lien or interest in the mortgaged premises subsequent to the mort-
   gage, may by answer set up a paramount claim, and is entitled to
   have that claim tried and adjudged in that action, unless the plaint-
   iff discontinues his action as against such party.

3. In an action to foreclose a mortgage, wherein the grantor of the mortgagor is made a party defendant, as claiming some lien or interest subsequent to the mortgage, and answers, setting up a paramount claim to "one acre from the southeast corner, . . . together with the buildings thereon," excepted out of the land conveyed by her to the mortgagor, parol evidence is admissible in her behalf to locate and identify the parcel intended to be excepted. The rule that the land called for by such a description must be taken in a square form, does not apply, where a latent ambiguity is created by a reference to other objects than mere locality.

4. It is not an abuse of discretion in such action, where the plaintiff, having notice of such defendant's rights, contests and compels her to establish them by proof, for the court to award her costs.

APPEAL from the Circuit Court for *Chippewa* County. The case is fully stated in the opinion.

For the appellant there was a brief by *Jenkins & Jenkins*, and oral argument by *John J. Jenkins*. They argued that questions of paramount title could not be litigated in a foreclosure action. *Hekla F. Ins. Co. v. Morrison*, 56 Wis. 133. Parol evidence was not admissible to explain the deed, as there was no ambiguity but the deed explained itself, and the court would construe the excepted acre as square. Abbott's Trial Evidence, 698; *Ellmaker v. Ellmaker*, 4 Watts (Pa.), 89; *Kirch v. Davies*, 55 Wis. 287; *Walsh v. Ringer*, 2 Ohio, 327; *Cunningham's Lessee v. Harper*, Wright (Ohio), 366; *Hay's Lessee v. Storrs*, id. 711; *Dolan v. Trelevan*, 31 Wis. 147; *Doe ex dem. Hooper v. Clayton*, 81 Ala. 391; *Wilkinson v. Roper*, 74 id. 140; *Green v. Jordan*, 83 id. 220; *Louisville & N. R. Co. v. Boykin*, 76 id. 560. The phrase "with the buildings thereon," can have no legal effect. *Crosby v. Parker*, 4 Mass. 111.

*Arthur Gough*, for the respondent.

TAYLOR, J. The questions arising in this case grow out of a foreclosure action brought by the plaintiff and appellant against the respondent and the other persons named to foreclose a mortgage. The mortgage sought to be fore-

closed was given to the appellant by Richard P. Medley, dated October 16, 1888, to secure the payment of $500 and the interest thereon. The property mortgaged was described in the mortgage as the W. ½ of the S. W. quarter of section 9, township 30 N., of range 6 W., in Chippewa county, Wis. None of the defendants in the action appeared in the case or defended the action, except the respondent Rose Medley. She answered that she was the mother of the mortgagor, Richard P. Medley, and that on the 9th day of April, 1884, she was the owner in fee-simple of the W. ½ of the S. W. ¼ of said section 9, the property described in said mortgage, and that on said 9th day of April, 1884, for love and affection for her said son, she conveyed to him, by an ordinary warranty deed, so much of said W. ½ of said section 9 as is described in said deed, and no more. The following is the description contained in said deed from her to her said son, viz.: "The west half of the southwest quarter of section nine (9), township thirty (30), range six (6), *except one acre from the southeast corner of the southwest quarter of the southwest quarter of said section, town, and range, together with the buildings thereon.*"

This deed was duly recorded in the proper register's office on the 10th of April, 1884. She also set forth in her answer that at the time of and ever since the execution of said deed to her said son she was, and since has been, in the actual possession of said acre of land, and the buildings thereon, and is still in the possession of the same; and she further alleges in her complaint that the acre of land, with the buildings thereon, excepted in her said deed, and which she has always occupied and still occupies, is bounded as follows: "Beginning at the boundary line of the highway which runs along the south side of said southwest quarter of the southwest quarter of section nine (9) aforesaid, on the line of division between the southwest quarter of the southwest quarter, and the southeast quarter of southwest

Lego vs. Medley.

quarter, of section nine (9) aforesaid; thence west along the boundary line of said highway seventeen rods and three quarters; thence north, at right angles to the boundary line of said highway, nine rods; thence east to the boundary line between the southwest quarter of the southwest quarter and the southeast quarter of the southwest quarter of section nine (9) aforesaid, seventeen rods and three quarters; thence south, along the boundary line between the southwest quarter of the southwest quarter, and the southeast quarter of the southwest quarter, of section nine (9) aforesaid, to the place of beginning; that said acre of land so measured belongs to this defendant, and that she is the owner thereof, and in the actual possession of same, and has been at all times since the making of said deed to the defendant Richard P. Medley, and of the dwelling-house and buildings situated thereon, and was in such possession at the time of making of the mortgage of the plaintiff herein, and that the said Richard P. Medley had no right or title in or to said land or buildings, and no power or authority to sell or mortgage same; that the plaintiff in this action has no right or power or permission to sell or convey said land and premises, or to exercise any rights of ownership in or to same." There was no demurrer to the answer.

On the trial the plaintiff offered in evidence his note and mortgage, and made the computations of the amount due thereon, and in addition to such evidence he did in open court " release all claims whatever to one acre from the southeast corner of the southwest quarter of the southwest quarter of section nine (9), town thirty (30), range six (6), in Chippewa county, Wisconsin, and the buildings thereon, and consents that whatever judgment is rendered in the actions shall so declare," and rested his case; and thereupon Rose Medley was called as a witness in her own behalf. The plaintiff then objected to any evidence under the answer of defendant Rose Medley, upon the ground that the

same does not constitute any defense whatever. And the counsel for the plaintiff then said: "I want to say that, meaning to release one acre in the corner square and bounded by four equal sides." The court overruled the objection to the evidence offered, and the defendant gave her testimony in the action. The court, under objections on the part of the plaintiff, permitted the defendant to show that one acre, in the southeast corner of the eighty acres described in her deed to her son, in the form of a square with four equal sides, would not include her dwelling-house.

After hearing the evidence, the court made the following findings of fact and conclusions of law: The 1st, 2nd and 3rd findings relate to the mortgage, and the amount due thereon. The court then makes the following findings:

" (4) That the said defendant Richard P. Medley derived his title to the mortgaged premises from defendant Rose Medley, under a deed executed by said Rose Medley several years prior to the execution of said mortgage, and also recorded in the office of the register of deeds, Chippewa county, Wis., prior to the execution of said mortgage; that in said conveyance said lands are described as follows: ' The west half of the southwest quarter of section nine (9), town thirty (30), range six (6), except one acre from the southeast corner of the southwest quarter of the southwest quarter of said section, town, and range, together with the buildings thereon;' that at the time of the making of said conveyance there was a dwelling-house, and some outbuildings used in connection therewith, located near the southeast corner, and the said Rose Medley was in the actual possession of said tract of land, and residing in said dwelling-house; that during all the time after the making of said conveyance, up to the present, said Rose Medley has continued to reside in said dwelling-house, and used said outbuildings in connection therewith.

" (5) That at the time of making of said conveyance to Richard P. Medley there was, and ever since has been, a strip of land two rods wide off from the south side of said described land, constituting part of the public highway, and that said land, as used and occupied by said Rose Medley, was bounded on the south side by said highway.

" (6) That a square acre laid off from the southeast corner· of said land would not include the said dwelling-house; and that an oblong square acre laid off from said corner, having for its southern boundary the center of said highway, would include said dwelling-house, but would not include· all the other buildings referred to as used in connection therewith; but an acre so laid off from said corner, excluding the highway, that is, taking for the corner the point where the east boundary of said land intersects with the highway, would include all of said buildings; said acre would be sixteen rods long on the south boundary, and ten rods wide on the east boundary."

And as conclusions of law the court finds as follows:

" (1) That said conveyance from Rose Medley to Richard' P. Medley should be construed with reference to the circumstances attending the transaction, the situation of the parties, state of the property, the location of said dwelling-house, and other buildings, and the existence of the highway; and, having regard for these circumstances, the court holds that it was the evident intention of the parties, by the language used in said .conveyance, that the acre excepted should be laid off from the southeast corner of said west half of the southwest quarter in said section nine (9), excluding the highway, so as to include said dwelling-house and said outbuildings used in connection therewith as the same were located at the time of the execution of said conveyance, which said acre, as near as can be determined from the testimony, is bounded as follows: Beginning at a,

point where the east boundary line of the southwest quarter of the southwest quarter of section nine (9), town thirty (30), range six (6), intersects with the highway on the south side of said land; thence west along the said highway sixteen rods; thence, at right angles, north ten rods, to the said east boundary line of said land; thence at right angles south to the place of beginning.

"(2) That plaintiff is entitled to judgment as prayed for in the complaint, except that said judgment should provide only for a sale of the west half of the southwest quarter of said section nine (9), excepting one acre from the southeast corner thereof, described as aforesaid."

The plaintiff excepted to the conclusions of law, but took no exceptions to the findings of fact. The learned counsel for the appellant assigns two errors: *First*, that it was error to permit the defendant Rose Medley to introduce any evidence under her answer, on the ground that it does not state facts constituting a defense to the plaintiff's action, or to any part thereof; *second*, that the court erred in permitting parol evidence to aid in construing the deed given by the said defendant to her son. He also assigns as error the allowance of costs to the respondent.

The first objection, that the answer does not constitute a defense to the plaintiff's action, or any part thereof, cannot be sustained under the rule established by this court in *Wickes v. Lake*, 25 Wis. 71; *Roche v. Knight*, 21 Wis. 324; *Newton v. Marshall*, 62 Wis. 8, 17. These cases hold that when the plaintiff, in a foreclosure action, makes any person defendant, alleging "that he claims to have some interest or lien upon the mortgaged premises or some part thereof, which lien, if any, has accrued subsequently to the time of said mortgage," such defendant may by his answer set up a paramount claim to the mortgaged premises, or to some part thereof, and that such right may be tried and adjudged in the foreclosure action. This rule is certainly the correct

rule, and the only way the plaintiff can avoid the trial of the right of the defendant so brought into court by him, as to his paramount title, is to discontinue his case as to such defendant so that he may not be prejudiced by the judgment to be entered in the foreclosure action. See *Hekla F. Ins. Co. v. Morrison*, 56 Wis. 133, 136. As the plaintiff did not offer to discontinue his action as to the respondent after she had filed her answer setting up her paramount title, he cannot now object to the trial of her right. He in fact admitted her right, and offered to take judgment recognizing her right to the acre excepted in her deed, but insisted that the excepted acre should be in the form of a square. He therefore waived his objection to her asserting a right paramount to his mortgage, and insisted in binding her to take the excepted acre in the shape which he claimed was given to her by the law under her deed.

The learned counsel also insist that the court erred in permitting respondent to introduce parol evidence of the situation of her buildings in the southeast corner of said west half of the southwest quarter, mentioned in her deed to her son, for the purpose of locating the acre of land so excepted from her deed; the claim being that the exception in the deed is the exception of an acre in the southeast corner in the form of a square, and that parol evidence is inadmissible to show that any other form was intended by the parties. The rule contended for by the learned counsel is undoubtedly the correct rule when there is nothing else in the deed which calls for a different form. But the rule does not apply to a case when the exception is of a certain quantity of land, and the exception, from the tract described in the conveyance, refers to other objects than mere locality. It is not denied by the learned counsel that, if the exception had been of one acre in the southeast corner of the tract conveyed, including the grantor's dwelling-house situated thereon, that evidence would not be admissible to

show that one acre in a square form would not cover the dwelling-house, and that in such case the bounds of the acre should be so located as to include the dwelling-house, if this could be done, and still locate the acre on the southeast corner of the tract conveyed. The surroundings and the objects on the ground would control the shape of the acre, which, in the absence of such surroundings and objects called for in the deed, the law would construe to mean a square acre. In such case there is no mistake in the description, which, if corrected at all, must be corrected in an action brought for that purpose. It is a mere question of the location of the tract excepted in the conveyance.

But the learned counsel insists that an acre in a square form will cover all the material calls for boundary mentioned in the deed, because the evidence shows that an acre, in a square form, will include some of the buildings of the defendant situate in the southeast corner of the land described in the deed. That fact we do not think meets the call for the buildings evidently intended by the parties to the deed. Such acre would not include the defendant's dwelling-house, which was evidently far the most valuable building situate on the southeast corner of the land described in the deed; and that fact, with the other evidence introduced, raises a fair presumption that that building, of all others, was the one intended by the parties as one of the buildings which they intended the excepted acre should include.

It is true that the description of the excepted acre in the conveyance from the mother to the son is not as particular and specific as it should have been, but, under the evidence showing that at the time the conveyance was made the grantor owned an adjoining eighty acres, and that her dwelling-house and outhouses were situate on the eighty acres conveyed to her son, that these houses constituted her home at the time, and that after the execution of the deed she remained in the occupation of her dwelling and outhouses as she had done before, claiming to own the

same, strongly tend to show that such dwelling-house and other buildings were situate on the acre excepted in the conveyance to her son; and as an acre of land can be laid off in the southeast corner of the tract described in the conveyance in a convenient and useful form, so as to include the buildings, it seems to us that the court properly directed that it should be so laid off and bounded. The words in the description are general, and not specific, and, in the absence of anything indicating a different boundary, the law would determine that the acre should be a square; but, when there is anything in the description which would not be complied with by making the acre a square, then the question as to what was intended by the parties by the words used is to be determined by the surrounding circumstances. In such case there is a latent ambiguity on the face of the deed when applied to the facts existing at the time the conveyance was executed, and the intent of the parties in such case becomes a question of fact, and not one of law, to be determined alone by the mere words used in the conveyance.

The rule applicable to this case is well stated in *Dunn v. English*, 23 N. J. Law, 126, 128. In that case the court say: "The construction of the grant must be favorable, and as near the mind and intention of the parties as the rules of law will admit, and to ascertain this intention parol evidence may be resorted to, not to contradict or vary the words of the grant, but to show from the situation and condition of the subject-matter what meaning the parties attached to the words used, especially in matters of description." The rule above stated was recognized and approved by this court in the opinion of the late learned Chief Justice RYAN in the case of *Lyman v. Babcock*, 40 Wis. 512. See, also, *Ganson v. Madigan*, 15 Wis. 144; *Prentiss v. Brewer*, 17 Wis. 635; *Rockwell v. Mut. L. Ins. Co.* 21 Wis. 548; and *Sawyer v. Dodge Co. Mut. Ins. Co.* 37 Wis. 503. This rule is peculiarly applicable to the case at bar. The parol evi-

dence was offered to show what the intention of the parties was as to the land excepted from the deed from the mother to the son. It does not contradict the language used in the deed, but tends to explain its meaning as intended by the parties at the time. The fact that the respondent lived, at the time the conveyance to her son was made, in the southeast corner of the eighty acres described in the deed, that she had no other home, and owned a farm adjoining, explains what was intended by the use of the words in the deed, " together with the buildings thereon," and it overcomes the general presumption that, without any explanation, an acre, in the southeast corner of the land conveyed, must be construed to mean a square acre. We think there was no error in permitting the introduction of the parol evidence allowed on the trial.

The objection that the court erred in allowing costs to the respondent cannot be sustained. The allowance or disallowance of costs to parties in an equitable action is generally in the discretion of the court. See the last paragraph of subd. 7, sec. 2918, S. & B. Ann. Stats.

We think there was no abuse of discretion on the part of the court in allowing costs to the defendant in this case.

The plaintiff had notice of the respondent's claim to the land the court awarded her, before and at the time he brought his action. Her deed was on record, and she was in the actual possession of the land claimed, and had been so in possession from the date of her deed down to the trial of the action. The plaintiff not only compelled the respondent to make good her claim under her deed, but he also contended that, by reason of certain admissions and statements he claimed had been made by her, she was estopped from setting up a claim to the land awarded to her by the court. There seems to be no good reason for holding that she was not entitled to recover costs in the action.

*By the Court.*— The judgment of the circuit court is affirmed.