ALBERT A. FLETCHER, Respondent, v. MYRON C. BARBER and Another, Appellants.

*Devise not frustrated by an error in description — foreclosure of a mortgage — a defendant having a title superior to that of the mortgagor, when estopped by the judgment.*

Where there are any particulars or statements contained in a will showing the lot of land intended to be devised thereby, the addition of a circumstance, false or mistaken, will not be allowed to frustrate what appears to be the intent of the testator.

Where, in an action brought for the foreclosure of a mortgage, a person whose title to the mortgaged premises is superior and prior to that of the mortgagor is made a defendant, and it is alleged in the complaint that he has some claim to or interest in the mortgaged premises, which, if any, accrued subsequently to the execution of the mortgage, ordinarily such person's rights will not be affected by the foreclosure judgment, nor will he be estopped thereby from afterwards asserting his title to the premises in question, but it is otherwise if the defendant in a foreclosure action so made a party sets up by answer his prior right or claim to the premises, and, stating the facts in regard to his interest therein, asks the court to determine as to his title thereto. The judgment entered in such an action, fixing the rights of such defendant, estops his heirs and privies from thereafter asserting any title to the premises other than that determined by such judgment.

APPEAL by the defendants, Myron C. Barber and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 19th day of February, 1894, upon the decision of the court, rendered after a trial at the Franklin Circuit, before the court without a jury, adjudging that the defendants had no right, title or interest in certain real estate; that they wrongfully withheld the same from the plaintiff, and that the plaintiff recover the immediate possession thereof.

*John I. Gilbert,* for the appellants.

*Cantwell & Cantwell,* for the respondent.

PUTNAM, J.:

It is doubtful whether, under any authorized construction of the will of William Scranton, deceased, it could be held to have conveyed to Myron Barber (through whom defendants claim title) more than ten acres of the land to recover which this action is brought.

The description in the devise is indefinite, only extending part way around the lot. No boundaries are given on the north or east side. Nor is there any general or other description of the land sought to be devised, or any statements contained in the will, that enable us to determine the intent of the testator.

It is true that if there were any particulars or statements contained in the will showing the lot of land intended to be devised, the addition of a circumstance false or mistaken would not frustrate what appeared to be the intent of the deceased. (*Lush* v. *Druse*, 4 Wend. 314, 318, 329.)

· But it is said in *Thayer* v. *Finton* (108 N. Y. 394–397), in regard to deeds, that "while it is the settled rule that such conveyances shall be construed so as to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument, it is equally well settled that nothing will pass by a deed except what is described in it, whatever the intention of the parties may have been. (*Coleman* v. *Manhattan Beach Co.*, 94 N. Y. 229.)"

In this case it seems difficult to construe the description contained in the devise in question in any way so as to make it cover the land, to recover which this action is brought.

We should, therefore, be inclined to concur in the view taken by the learned counsel for the appellants were it not for the proceedings and judgment in a prior action brought by the plaintiff against Susan Barber, defendants' ancestor. That action was brought to foreclose a mortgage executed by William Barber to plaintiff on the thirty-six acres which are the subject of this action and other premises against William Barber and Susan Barber, the complaint alleging that Susan Barber had, or claimed to have, some interest in, or lien upon, the said mortgaged premises or some part thereof, which interest or lien, if any, had accrued subsequently to that of said mortgage. In the complaint all the mortgaged premises, including the thirty-six acres, were properly described. The complaint alleged that about thirty-six acres of the whole lot therein described was subject to the life interest of Susan Barber.

Susan Barber in her answer made, among others, the following allegations: "That said William Scranton, by his last will and testament, did give, devise and bequeath unto this defendant the use and occupation of about forty (40) acres of the premises men-

tioned and described in the complaint, to have and to hold the same during the period of her natural life, and at her decease unto Myron Barber and his heirs forever;' * * * that on or about the 31st day of August, 1863, this defendant purchased from said Myron Barber all the right, title and interest of the said Myron in and to the premises devised to him by said William Scranton, deceased, as aforesaid, and paid to him therefor the sum of five hundred dollars; that on said 31st of August, 1863, said Myron Barber and Julia Barber, his wife, at the instance and request of this defendant, executed a deed of conveyance of said premises to the defendant William W. Barber; that said premises were conveyed to said William W. Barber without any consideration having been received by the defendant for the same, and were so conveyed, not for the purpose of vesting the title thereof in said William W. Barber, but for the purpose, and with the understanding, that he should have and hold the same only until such time as defendant should sell said premises or demand a reconveyance thereof to her, and defendant has at all times since the date aforesaid used and occupied said premises, and is now in possession thereof."

The judgment in said former action contained a provision that thirty-six acres of the mortgaged premises were subject to the life estate of said Susan Barber, and the sheriff's deed to plaintiff, who was the purchaser at the mortgage sale, contained the same provision. The will of William Scranton, deceased, was admitted to probate on the 18th of June, 1862, and this action was commenced on June 2, 1893.

It will be seen from the above-quoted extract from the answer of Susan Barber in the former foreclosure action brought by the plaintiff, that she expressly admitted that under the will of William Scranton, deceased, Myron Barber took title to the premises in dispute subject to her life interest therein, and that she purchased his interest for $500; and he afterwards, at her request, conveyed the premises to William Barber (who afterwards executed the mortgage to plaintiff to foreclose which the action was brought) under an agreement that he should hold the title to the same until such time as defendant should sell the premises or demand a reconveyance, and that she has continued in the occupation thereof since such conveyance.

In her answer she asked for the following relief : " That the rights, interests and equities of the defendant in and to the premises described in the complaint may be adjudged and determined."

The court, as it could properly do, in pursuance of the prayer contained in the answer of Susan Barber, found that she was entitled to a life interest in thirty-six acres.

It will be seen, therefore, that Susan Barber, in her answer in the foreclosure action, admitted the title of Myron Barber to the premises in dispute, and the conveyance thereof by the latter to the mortgagor, William Barber, and claiming some equitable interest in the premises, asked that her rights and interests therein be determined by the court.

It is true that, ordinarily, where, in an action for the foreclosure of a mortgage, a person whose title to the premises is superior and prior to that of the mortgagor, is made a defendant, and it is alleged in the complaint that he has some claim to or interest in the mortgaged premises, which, if any, accrued subsequently to the execution of the mortgage, such person's rights will not be affected by the foreclosure judgment, nor will he be estopped thereby from afterwards asserting his title to the premises in question. (*Payn* v. *Grant*, 23 Hun, 134 ; *Lee* v. *Parker*, 43 Barb. 611.)

But it is otherwise if the defendant in a foreclosure action so made a party sets up by answer his prior right or claim to the premises, and, stating the facts in regard to his interest therein, asks the court to determine as to his title thereto. In *Goebel* v. *Iffla* (111 N. Y. 170–177) it was said : " And, moreover, that if the facts upon which the plaintiff relies to defeat that prior title are stated, the defendant whose title is thus assailed may demur to the complaint upon the ground that the plaintiff has no right to bring him into court upon the foreclosure to try the validity of his title, yet, if the party so made a defendant should, instead of demurring, answer and litigate the question, and then judgment should go against him, no case decides that the judgment would not conclude him in a collateral action."

Susan Barber, although not compelled to, voluntarily elected in her answer to state the rights and interest of herself, Myron Barber and William Barber to the disputed premises, and claimed an equitable interest therein, asking the court to determine her rights in

the premises. She voluntarily raised an issue as to her rights in the premises, and submitted such issue to the determination of the court. We think, therefore, that the judgment entered in the action estopped the said Susan, and, hence, the defendants who claim the land under her, from asserting any other title to said premises than that determined by such judgment.

We cannot regret reaching this conclusion. Susan Barber occupied the disputed tract for thirty years under the will of William Scranton, deceased. She apparently assumed that the will conveyed the land in dispute to her for life, with a remainder to Myron Barber, and accepted and had the benefit of the provision in her favor for the said period of thirty years. It seems, therefore, to be just that her descendants should not succeed in their contention in this action.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.