Submitted on briefs August 10, decided August 17, 1909.

## GENNES *v.* PETERSON.

[103 Pac. 515.]

MORTGAGES—FORECLOSURE—SCOPE OF RELIEF—ADVERSE CLAIMS.

The only proper object of a suit to foreclose a mortgage being to bar the
mortgagor and those claiming under him, the court in such a suit had no jur-
isdiction to determine an alleged title paramount to that of the mortgagor,
set up by certain of the defendants in an answer containing a prayer only
that the suit be dismissed as to them.

From Crook: WILLIAM L. BRADSHAW, Judge.

State by MR. JUSTICE SLATER.

This is an ordinary suit by Ole Gennes and Nels Layon
to foreclose a mortgage on the N. W. $\frac{1}{4}$ of section 8, in
township 17 S., of range 11 E. of Willamette Meridian,
executed by the defendants, August Peterson and Bertha
Peterson, on January 8, 1907, in favor of plaintiffs to
secure payment of the former's note amounting to $2,000.
J. N. Hunter and W. H. Staats were made defendants to
the suit; the complaint as to them alleging that "each
claim to have some interest in or claim upon the real
estate described in the second paragraph of this com-
plaint, which interest, or claim, if any, is wholly
unfounded and in fact does not exist."

The Petersons made default; but Hunter and Staats
answered admitting that each of them claimed an interest
in the property, but denying that such claim was
unfounded and does not exist, and as an affirmative
defense they allege:   That they are the owners in fee
simple of the lands described in the complaint, by mesne
conveyance from plaintiffs' alleged mortgagors, ante-
dating plaintiffs' alleged mortgage, and duly recorded in
the office of the county clerk of Crook County, long prior

to the execution of the plaintiffs' alleged mortgage; that, at the date of the execution of plaintiffs' mortgage, defendants' title to said lands was paramount to the title of plaintiffs' mortgagors; and that at that time the latter had no title whatever. They prayed for a dismissal of the suit as to them.

The reply denied the averments of the answer.

A trial was had, to which the defendants disclosed the source of their title to be through a sale of said property on January 19, 1905, on an execution issued out of the circuit court of Crook County upon a judgment obtained by the Theo. Hamm Brewing Company against August Peterson on January 29, 1904. Plaintiffs offered in evidence the patent from the United States to August Peterson issued on September 10, 1906, which recites that the patentee had deposited in the General Land Office a certificate of the register of the land office at The Dalles, Oregon, whereby it appears that he had made full payment for the land under the act of Congress of April 24, 1820. No other proof as to when Peterson made final proof and payment was offered. A decree was entered foreclosing the mortgage and adjudging: That at the time said judgment was rendered, execution issued, and the sale of the property occurred, Peterson had no attachable interest in the property; that the attachment, sale, and sheriff's deed thereunder are void; that Hunter and Staats acquired no title to said property; that the mortgage was a prior and existing lien thereon; and that they are barred and foreclosed of all rights, claims, or equity of redemption therein.

From this decree Hunter and Staats have appealed.

REVERSED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court. 50 Or. 580 (91 Pac. IX.).

For appellant there was a brief over the name of *Mr. M. R. Elliott.*

For respondent there was a brief over the names of *Messrs. Spooner & Twomey* and *Mr. M. E. Brink.*

MR. JUSTICE SLATER delivered the opinion of the court.

It is claimed in the appellants' brief that, at the time the land was attached in the original action against Peterson, he had made his final proof, paid the government price for the land in controversy, and had received the receiver's final receipt under the act of Congress known as the "timber and stone act" (Act June 3, 1878, c. 151, § 1; [20 Stat. 89: U. S. Comp. St. 1901, p. 1545]). and upon this assumption under the holding of this court in *Budd* v. *Gallier,* 50 Or. 42 (89 Pac. 638), it is maintained that Peterson had no attachable interest in the land. There is nothing in the record, however, to establish the facts upon which the argument is based; but, if there were, we have come to the conclusion that the court had no jurisdiction to try the question of an adverse legal title originating prior to the execution of the mortgage which is sought to be foreclosed. When defendants alleged in their answer that they claimed a legal title paramount to the title of Peterson at the time he executed the mortgage to plaintiffs, and asked that the suit be dismissed as to them, it was the duty of the court to grant their prayer. The only proper object of a suit to foreclose a mortgage is to bar the mortgagor and those claiming under him; and adverse claims, whether originating under a conveyance by a third party prior to the mortgage, or subsequent to it, or under a conveyance by the mortgagor made prior to the mortgage, are generally matters of purely legal jurisdiction, and do not come within the cognizance of a court of equity. *Corning* v. *Smith,* 6 N. Y. 82; *Emigrant Ind. Sav. Bank* v. *Goldman,* 75 N. Y. 127; *Ord* v. *Bartlett,* 83 Cal. 428 (23 Pac. 705); *Tinsley* v. *Atlantic Mines Co.,* 20 Colo. App: 61 (77 Pac. 12); 2 Jones Mortgages, (6 ed.) § 1445; Wiltsie, Mortgage Foreclosure (Kerr's Supp.) § 418.

At the close of section 1440 of 2 Jones, Mortgages, that author says:

"It has been claimed, however, that when one has been made a defendant in a foreclosure suit, and has set up by answer a paramount title, and without objections has gone to trial upon that issue, he cannot, if beaten, ask a reversal on the ground that the issue was not properly triable in that action; but the authorities do not sustain this view. All the title a mortgagee can obtain by foreclosure is the title of his mortgagor, and that is the only title that can be considered in the foreclosure suit."

We are of the opinion, however, that the question there suggested is not before us, because these defendants, while they alleged a paramount title, did not ask that it be adjudicated and determined, but that the suit be dismissed as to them. They offered sufficient evidence to show the origin of their claim of title, and that it antedated the giving of the mortgage. Whether it amounted to a title was not for the court to determine, but, for lack of power to adjudicate the matter, it was bound to dismiss the suit as to these defendants.

The decree will therefore be reversed so far as it affects them; but, as to the foreclosure of the mortgage, it is allowed to stand without prejudice to the rights of these defendants originating prior to the execution of the mortgage.                                     Reversed.