# JOHNSON v. WHITE.

[112 Pac. 1083.]

[119 Pac. 769.]

APPEAL AND ERROR—FAILURE TO FILE BRIEF.

1. Respondent's failure to comply with Supreme Court Rule 6 (50 Or. 572: 91 Pac. viii), requiring filing of brief within 20 days after the filing of abstract, does not *ipso facto* entitle appellant to a reversal, but the merits must be determined.

APPEAL AND ERROR—FAILURE TO FILE BRIEF—EXCUSE.

2. Where respondent in an equity suit failing to file a brief within the time required by Supreme Court Rule 6 (50 Or. 372: 91 Pac. viii), filed an affidavit showing a misconception by him of the rule and a misunderstanding between opposing counsel as to who should first file brief, he was entitled to be relieved from his default.

MORTGAGES—FORECLOSURE—PARTIES—OWNER OF EQUALITY OF REDEMPTION.

3. The owner of the equity of redemption is a necessary party to an action to foreclose a mortgage.

MORTGAGES—FORECLOSURE—PARTIES.

4. A grantee of the mortgaged premises after the execution of the mortgage was properly made a defendant in foreclosure proceedings.

PARTIES—MISJOINDER—ASKING AFFIRMATIVE RELIEF.

5. Any impropriety in joining one as a defendant in a mortgage foreclosure proceeding was waived by his answer, asking for affirmative relief.

MORTGAGES—FORECLOSURE—DEFENSES.

6. The anwser, in proceedings to foreclose a mortgage, executed July 3, 1904, alleged that on a date after the execution of the mortgage the sheriff sold the mortgaged premises to defendant for delinquent taxes assessed for the year 1904, and executed a tax deed to him, which was duly recorded, and that defendant is the fee-simple owner of the land. *Held,* that the answer merely set up a claim for taxes subsequent to the date of the mortgage, and did not allege a title paramount to the mortgagor, making inapplicable a contention that in foreclosure the court could not determine an alleged title paramount to the mortgagor's title.

TAXATION—TAX DEED—EVIDENCE.

7. While Section 3127, B. & C. Comp., makes a tax deed *prima facie* evidence of the regularity of the tax proceedings, including the sale, such *prima facie* case may be overcome by proof.

TAXATION—TAX SALE—RETURN OF SALE.

8. Under Section 3118, B. & C. Comp., providing that the warrant for collection of delinquent taxes must be executed and returned as an

execution against property, a tax deed was void, where it appeared that an unsigned memorandum of sale was made in the sheriff's office, which merely recited the sale to defendant of 80 acres in the section described, and the amount received.

From Multnomah: JOHN B. CLELAND, Judge.

This is a suit by Mary E. Johnson against Charles A. White and Pauline M. White, his wife, Burt Brown Barker, Trustee, Atlee W. Strickler, Arthur Stipe and George Wetherby. From a decree in favor of plaintiff, the defendant, George Wetherby, appeals and files motion to dismiss the appeal and for a decree in his favor, for plaintiff's failure to file briefs.                    DENIED.

*Mr. George Wetherby in pro. per.* for the motion.

*Mr. George P. Lent, contra.*

Opinion PER CURIAM.

1, 2. This is an equity suit. Defendant appeals. The abstract was filed November 21, 1910. Plaintiff failed to file his brief within 20 days thereafter as provided by rule 6 (50 Or. 572: 91 Pac. viii). Defendant, on December 28th, filed a motion to dismiss the complaint, and for a decree in his favor for the reason that plaintiff has not filed his brief within the time provided by rule 6. Plaintiff admits that he is in default, and has filed an affidavit showing a misconception by himself of rule 6, and a misunderstanding between opposing counsel as to who should file the first brief in an equity suit. But he filed his brief on January 7, 1911. Respondent's failure to file a brief does not *ipso facto* entitle appellant to a reversal of the decree. The merits of the appeal must be determined even though respondent does not appear. His default at most is only a waiver of his right to be heard. Defendant's motion must be denied, and by reason of the showing made by plaintiff he will be relieved from his default. *Wood* v. *Fisk,* 45 Or. 276 (77 Pac. 128, 738).

MOTION DENIED.

Argued Jan. 2, decided Jan. 9, Rehearing denied Feb. 6, 1912.

## ON THE MERITS.

[119 Pac. 769.]

Statement by MR. JUSTICE BEAN.

This is a suit to foreclose a mortgage on the N. ½ of
S. W. ¼ of section 12, township 1 S., range 4 E., W. M.,
executed by defendant Arthur Stipe to plaintiff on July
3, 1904, to secure a note for $465. From a decree in favor
of plaintiff, defendant appeals.

Plaintiff alleges, in addition to the usual form as to the
mortgage, that defendant George Wetherby purchased the
mortgaged premises at a tax sale for the taxes of 1904,
amounting to $5.08, and for those of 1907, amounting to
$5.40; that each of the defendants have or claim to have
some right to, interest in, or lien upon, said mortgaged
premises, but the same, if any exist, are subsequent in
time and inferior in right to the lien of plaintiff's said
mortgage; that plaintiff tendered to Wetherby the sum
of $20, the amount of the taxes, interest, and penalties,
and deposited the same in court for that purpose.

Defendant Wetherby answered separately, affirmatively
alleging that on the 26th of December, 1905, the sheriff
of Multnomah County, Oregon, duly sold to this defendant
the real estate described in plaintiff's mortgage for
delinquent taxes assessed thereon for the year 1904,
amounting to $5.08, and issued a certificate therefor; that
on the 29th day of December, 1908, said sheriff executed
a tax deed of said real property to this defendant, which
was duly recorded; that defendant is the owner in fee
simple of the land, and prays that he be declared such
owner, and entitled to the possession thereof.

Plaintiff demurred to the new matter in the answer,
and upon the same being overruled replied, denying the
issuance of any valid certificate of sale for such taxes, or

the execution of any valid deed to said property by the sheriff, and alleging that the same were void for the' reason, among others, that the sheriff failed to make a return of the sale of said property for the year 1904, as required by law. Therefore the certificate and deed executed thereon were wholly void. Upon trial the circuit court found, in part, that the certificate and tax deed were void on account of the failure of the sheriff to make such return. The note and mortgage of plaintiff were admitted.                                           AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George Wetherby.*

For respondent there was a brief and an oral argument by *Mr. George P. Lent.*

MR. JUSTICE BEAN delivered the opinion of the court.

Upon this appeal defendant Wetherby contends that plaintiff was not authorized to make him a party to the suit. The tax deed, upon its face, shows defendant to be a grantee, and to have an interest in the mortgaged property.

3. The owner of the equity of redemption is frequently a grantee, either directly or remotely, from the mortgagor, and such grantee, as long as he retains an interest in the premises, is a necessary party to foreclosure; and no decree can be effective against him, unless he is joined. 9 Enc. of Pleading and Practice, 305.

4. All persons interested in the mortgaged premises should be made parties; otherwise they would be entitled to redeem. *Landon* v. *Townshend,* 112 N. Y. 93 (19 N. E. 424: 8 Am. St. Rep. 712) ; *Watts* v. *Julian,* 122 Ind. 124 (23 N. E. 698). The complaint, however, shows that defendant Wetherby claims to be a grantee of the premises subsequent to the giving of the mortgage, which complies with the rule in 9 Enc. Pl. and Pr., 377; *Mann* v.

*State,* 116 Ind. 383 (19 N. E. 181) ; *Hoes* v. *Boyer,* 108 Ind. 494 (9 N. E. 427).

Section 3108, B. & C. Comp., provides that:

"All taxes. which may hereafter be lawfully imposed or levied upon real property shall be and they are hereby declared to be a lien on such property from and including the day on which the warrant authorizing the collection of such taxes is issued until they should be paid, or until the title shall rest in the purchaser upon sale of such taxes. * *"

5. Section 423, L. O. L., relating to the foreclosure of liens upon real property, requires that any one having a lien subsequent to the plaintiff upon the same property shall be made a defendant in the suit, and any person having a prior lien may be made defendant at the option of the plaintiff, or by order of the court, when deemed necessary. If it be conceded that this defendant was not regularly made a party to the suit, he waived this point by pleading for affirmative relief.

Plaintiff contends that the facts in defendant Wetherby's answer were not sufficient to support any title of defendant to the land for the reason that said defendant did not allege that there was any tax levied upon the property for the year 1904, or any warrant issued for the collection thereof, or any return of sale by the sheriff; and that the separate answer of said defendant amounts to no more than a legal conclusion. Neither is there any allegation of ownership of the property at the time of the assessment. The facts usually continued in such certificate of sale and tax deed are not set out in the answer.

6. It is contended by defendant Wetherby that in a suit to foreclose a mortgage the court has no jurisdiction to determine an alleged title, paramount to that of the mortgagor, when set up by a defendant. It is sufficient in regard to this contention to refer to the answer of

defendant, which, we think, does not set up a title paramount to the mortgagor, and which is a mere claim for taxes subsequent to the date of plaintiff's mortgage (*Middleton* v. *Moore,* 43 Or. 357: 73 Pac. 16), and does not come within the rule enunciated in *Gennes* v. *Peterson,* 54 Or. 378 (103 Pac. 515).

7. Under Section 3127, B. & C. Comp., a sheriff's tax deed is made *prima facie* evidence of the regularity of the tax proceedings, including the sale. This, however, may be overcome by proof to the contrary. *Brentano* v. *Brentano,* 41 Or. 15, 19 (67 Pac. 922).

8. A careful examination of the evidence herein leads us to believe that the finding of the trial court, to the effect that the tax deed of defendant was void, is correct. It is shown by the evidence that an unsigned memorandum was made in the sheriff's office of the sale of 80 acres in the section described to this defendant, and the amount the same sold for. Section 3118, B. & C. Comp., then in force, provides that a warrant for a collection of delinquent taxes must be executed and returned in like manner as an execution against property. The requisite steps to be taken under this statute are plainly set out by Mr. Justice.E AKIN, in *Ayers* v. *Lund,* 49 Or. 303, 308 (89 Pac. 806: 124 Am. St. Rep. 1046), and we need only to refer to the same.

The decree of the lower court is therefore affirmed.

           A FFIRMED.