Argued June 29, affirmed July 31, 1923.

## BARNES *v.* ANDERSON ET AL.

### (217 Pac. 836.)

**Mortgages—Question of Title Adverse or Paramount cannot be Limited in Suit to Foreclose Mortgage Unless the Facts Peculiarly Demand It.**

1. Since equity has no original jurisdiction of contests concerning legal titles, generally in the absence of related facts that call for the exercise of equitable jurisdiction the question of title adverse or paramount cannot be litigated in an action to foreclose a mortgage, but where a defendant in such a suit by answer sets up a paramount title, and prays an adjudication on that ground, he is bound by the resulting decree unless set aside on appeal.

**Judgment—Decree in Foreclosure Proceeding Wherein Questions of Paramount or Adverse Title have Been Litigated Conclusive.**

2. A decree in a suit to foreclose a mortgage wherein defendant by answer had set up a paramount title and prayed that such title be adjudicated and determined will estop such defendant from retrying the same issues in another suit, unless the foreclosure suit was disposed of upon a ground which did not go to the merits of defendant's claim of paramount title.

**Judgment—Whether Foreclosure Decree Determined Particular Issue Determinable from Entire Record and Parol Evidence.**

3. Where the decree in a foreclosure suit on its face does not disclose whether or not the issue of paramount title raised by defendant was decided and where the decree might have been founded upon more than one issue, the entire record and parol evidence may be considered to ascertain what issue or issues were determined.

From Grant: DALTON BIGGS, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Crawford & Crawford* and *Mr. Errett Hicks,* with an oral argument by *Mr. A. M. Crawford.*

For respondent there was a brief over the names of *Mr. J. P. Winter* and *Mr. Otis Patterson,* with an oral argument by *Mr. Winter.*

McCOURT, J.—Arizona Barnes, plaintiff herein, being the owner and in the possession of two separate parcels of land located more than six miles apart, upon which defendants George W. Anderson and Flora E. Anderson had theretofore given a mortgage in favor of the defendant T. J. Anderson as security for money loaned, instituted this suit to obtain a decree confirming her title in, and right to the possession of, the mortgaged premises, as against the above-named mortgagee, who had become a purchaser of the land at foreclosure sale under the mortgage.

From a decree dismissing her suit, plaintiff appeals.

The instant case is the last of a series of legal contests, in each of which the plaintiff herein has endeavored to defend or maintain her title, or that of her immediate grantor, to the above-mentioned lands against claims of ownership asserted by the defendant George W. Anderson or his grantees. Plaintiff acquired title to the lands in controversy from her son, George Austin Bowsman, who until April 10, 1910, was a minor.

The first of such contests to occupy the attention of this court was an action of ejectment brought by Anderson against the plaintiff and her said son, George Austin Bowsman, then a minor. That action involved only one of the tracts of land covered by the above-mentioned mortgage, and therein it was determined that Anderson was the owner in fee simple of that tract of land and entitled to the immediate possession thereof, as against plaintiff in the instant suit and her said minor son: *Anderson* v. *McClellan,* 54 Or. 206 (102 Pac. 1015).

George W. Anderson never succeeded in obtaining complete possession of the land by virtue of the

above-mentioned judgment and the writ of execution issued thereon. Shortly after the mandate of the Supreme Court was entered upon that judgment, and on the thirtieth day of September, 1909, the above-mentioned mortgage to defendant T. J. Anderson was given. On the same date the minor, George Austin Bowsman, by plaintiff herein as his guardian, commenced a suit in the Circuit Court of Grant County, against George W. Anderson and one F. S. Slater, alleging that the title which Anderson claimed in and to the two parcels of land in question was obtained by fraud, and also that the judgment in ejectment had been fraudulently secured. That suit also reached this court, where it was decided that the minor, George Austin Bowsman, was the owner in fee simple of the lands in controversy and entitled to the possession thereof; that the probate proceedings and the administrator's sale and deed upon which George W. Anderson relied as the foundation of his alleged title to said land, were initiated and conducted at the instance of defendant George W. Anderson pursuant to a conspiracy to cheat, rob and defraud the minor, George Austin Bowsman, and that the judgment in ejectment was a part of such conspiracy, and was fraudulent and void and conferred no right whatever upon the defendant George W. Anderson. In conformity with the decision so reached, the administrator's deed to George W. Anderson was canceled, and the judgment in ejectment in his favor was canceled and vacated: *Bowsman* v. *Anderson*, 62 Or. 431, 442 (123 Pac. 1092, 125 Pac. 270).

Upon the twenty-eighth day of September, 1911, George Austin Bowsman, having attained his majority, conveyed the lands to his mother, the plaintiff in the instant suit.

After the mandate of this court in the suit of *Bowsman* v. *Anderson* had been entered in the Circuit Court, and on the seventeenth day of November, 1912, T. J. Anderson, the mortgagee, commenced a suit to foreclose his mortgage, and included the plaintiff in the instant suit as a party defendant, alleging:

"That the defendants * * George A. Bowsman and Arizona Barnes, formerly Arizona McLellan, have or claim to have some right, title, interest, estate or lien in, to or upon the said real property herein described or some part thereof, but if any such they have, or any of them have, the same is subsequent in time and inferior in right to the lien of this plaintiff upon said real property by virtue of said mortgage."

The plaintiff in the instant suit appeared in the foreclosure suit, and filed an answer in which, after putting in issue by appropriate denials, the allegations of the mortgagee in respect to the execution of the note and mortgage, pleaded affirmatively the facts showing that paramount title to the premises was vested in herself, and in that connection set up, with some elaboration, the facts substantially as found by this court in *Bowsman* v. *Anderson,* supplemented by charges that the mortgagee received his mortgage with knowledge and notice of those facts and of the title and interest of plaintiff and her grantor in the mortgaged premises. She also alleged as a separate answer that the mortgage was executed without consideration and for the purpose of defrauding her grantor. The foregoing defenses were followed by a prayer that the title to the lands be determined and adjudicated in favor of the answering defendant, plaintiff here, and for cancellation of the mortgage sought to be foreclosed.

The mortgagee, in his reply in the foreclosure suit, affirmatively pleaded the judgment in the ejectment action, and alleged that the mortgage was given to secure money actually loaned at the time, and that he, in taking said mortgage, relied upon the judgment in the ejectment, and that he had a right to rely thereon, which facts he claimed estopped the defendant, plaintiff in the instant suit, from alleging or proving the allegations of new matter set forth in her amended answer in the foreclosure suit.

A decree in the usual form was entered in the foreclosure suit, foreclosing the mortgage, and directing a sale of the property to satisfy the same, and declaring that the defendants in that suit, and each of them, were "forever barred and foreclosed of all right, title and interest and equity of redemption in said mortgaged premises so sold or any part thereof." The issue of paramount title was not mentioned or referred to in the decree in the foreclosure suit. The instant plaintiff did not appeal from that decree, but instead, commenced this suit to halt and prevent the ultimate enforcement of the decree against the lands covered by the mortgage.

The averments in the complaint of the plaintiff in the instant suit, so far as they concern her title and claim to the real property in suit and the connection of the defendant T. J. Anderson therewith by virtue of his said mortgage, are substantially the same as those set forth by her in her answer in the foreclosure suit. In anticipation of a plea of former adjudication, the complaint contains this further averment:

"That, when said foreclosure suit was commenced, this plaintiff was not made a party thereto, but afterwards was brought in as a party defendant and appeared in said suit and filed her answer therein and offered to prove her title to said lands herein-

before described and fraudulently included in said mortgage and to show that said mortgage was illegal and void, as far as plaintiff's said lands were concerned, but the plaintiff alleges that Judge of said court refused to allow her to introduce her evidence of title or to introduce evidence of the fraudulent character of the pretended mortgage of the said T. J. Anderson, and refused to allow this defendant to prove that she had a title in fee simple to said premises paramount to the said mortgage and that the judge of said court informed this plaintiff's attorneys during the trial that all he was going to try was the question whether or not the plaintiff in that suit had a lien which said plaintiff was the said T. J. Anderson, and the trial court refused in said suit to try the question of whether this plaintiff defendant therein, had a title to the lands involved in said suit, and involved herein, paramount to the title or interest of the said T. J. Anderson by virtue of his said mortgage, and he rendered a decision and decree in said court, which decree does not mention the title or interest of this plaintiff in said lands or any part thereof, but proceeds simply to foreclose the pretended mortgage, which the said T. J. Anderson claimed to have against said property, that the said court in the trial of said cause, ruled that the title to the real premises therein involved and involved herein, could not be tried in the foreclosure of a mortgage and refused to consider said issue * * ."

The defendant T. J. Anderson, in his answer in the instant suit, denies the allegation above set out, and as an affirmative defense pleads the proceedings and decree in the foreclosure suit, alleging that the same constitute a former adjudication between the parties of all the matters which the plaintiff seeks to have tried in this suit.

The trial court, the judge presiding who tried the foreclosure suit, found "that all the matters and things complained of by the plaintiff herein were adjudicated and determined" in the foreclosure suit.

Plaintiff contends that the decree in the foreclosure suit is not a bar to this suit, for the reason that the court was without jurisdiction to try and determine the question of paramount title in that suit, and for the further reason that the court, in recognition of that lack of authority, did not in that suit adjudicate and determine plaintiff's claim of title asserted herein and refused to hear the evidence offered by plaintiff in support thereof.

1. For the reason that equity has no original jurisdiction of contests concerning legal titles, it is generally held that in the absence of related facts that call for the exercise of equitable jurisdiction in respect thereto, the question of title, adverse or paramount, cannot be litigated in a suit to foreclose a mortgage: *Farmers' Nat. Bank* v. *Gates*, 33 Or. 388 (54 Pac. 205, 72 Am. St. Rep. 724); *Edgar* v. *Golden*, 36 Or. 448, 452 (48 Pac. 1118, 60 Pac. 2); *Gennes* v. *Peterson*, 54 Or. 378 (103 Pac. 515); *Johnson* v. *White*, 60 Or. 611 (112 Pac. 1083, 119 Pac. 769); *Kreinbring* v. *Mathews*, 81 Or. 243, 247 (159 Pac. 75); 19 R. C. L. 544.

But where one is made a defendant in a foreclosure suit, and by answer sets up paramount title, praying that such title be adjudicated and determined in that suit, and goes to trial upon that issue, he is bound by the resulting decree, unless the same is set aside upon appeal: Jones on Mortgages (7 ed.), § 1445; *Johnston et al.* v. *San Francisco Savings Union*, 75 Cal. 134 (16 Pac. 753, 7 Am. St. Rep. 129); *Fletcher* v. *Barber*, 82 Hun, 405 (31 N. Y. Supp. 239); *Goebel* v. *Iffla*, 111 N. Y. 170 (18 N. E. 649); *Lego* v. *Medley*, 79 Wis. 211 (48 N. W. 375, 24 Am. St. Rep. 706).

2. If, then, a hearing and decision upon the merits of plaintiff's claim of paramount title, and the effect

of the same upon the mortgage, was had in the foreclosure suit, the plaintiff is estopped from retrying the same issues in this suit. But, if the foreclosure suit was disposed of on any ground which did not go to the merits of plaintiff's claim of paramount title, the decree rendered therein does not bar this suit: *Pruitt* v. *Muldrick,* 39 Or. 353, 358 (65 Pac. 20); *Hoover* v. *King,* 43 Or. 281 (72 Pac. 880, 99 Am. St. Rep. 754, 65 L. R. A. 790); *Burnett* v. *Marrs,* 62 Or. 598, 602 (125 Pac. 838); *Spence* v. *Hull,* 75 Or. 267, 271 (146 Pac. 95).

3. The decree in the foreclosure suit, on its face, does not disclose whether or not the issue of paramount title was decided. In that situation there was more than one issue upon which that decree might have been founded. The entire record, and parol evidence as well, may be considered to ascertain what issue or issues were determined: *Gentry* v. *Pacific Livestock Co.,* 45 Or. 233 (77 Pac. 115); Black on Judgments, § 624.

When the foreclosure suit came on for trial, an informal discussion was had between the attorneys for the parties and the Circuit Judge, respecting the issue of paramount title, which had been introduced into the case by the answer. The Circuit Judge expressed the opinion that the issue mentioned generally was not a proper matter to be tried in a foreclosure suit under the decisions of this court. Thereupon the counsel for defendant there, plaintiff in the instant case, suggested that the plaintiff in the foreclosure suit dismiss the suit. The latter declined to do so, stating that he was not responsible for the contents of the answer.

The trial in the foreclosure suit thereupon proceeded, and the plaintiff therein introduced evidence to establish the lien of his mortgage and his right

to foreclose the same, together with the entire record in the above-mentioned ejectment action. Plaintiff therein, having rested his case in chief, the defendant there, plaintiff here, in support of her claim of paramount title, offered identically the same evidence, with the exception of one item that she introduced to establish her title upon the trial in the instant case, and all the evidence so offered in the foreclosure suit was admitted by the court, except certain record evidence, which, in the opinion of the court, was rendered immaterial by the decree of the court in the case of *Bowsman* v. *Anderson.* The item of evidence alluded to above, which was introduced in the trial in the instant suit, but not offered in the foreclosure suit, is a record of the probate court, dated November 9, 1906, which contains a recital to the effect that the minor, George Austin Bowsman, and his mother claimed at that time that said minor was the owner of the real property in controversy by title adverse to the estate from which defendant George W. Anderson claimed to have acquired his alleged title to the same property.

It also appears from the admissions in the pleadings in the foreclosure suit, and the evidence introduced in support of the allegations therein of paramount title, that such title in the claimant was established, a condition which absolutely required the trial court to consider the question of paramount title, and whether the existence of the same as a matter of law, defeated the mortgage sought to be foreclosed. Indeed, it appears from the findings made in that suit, that the court recognized that paramount title to the premises was vested in the plaintiff herein, but the court further found that the mortgage was given and recorded before the suit of *Bowsman*

v. *Anderson* was commenced, and that the mortgagee loaned his money in reliance upon the judgment in ejectment, believing that George W. Anderson was the owner and entitled to the possession of the real estate, and without any knowledge or information that the judgment in the ejectment action was obtained by fraud, or that the claim or title of George W. Anderson in the lands was fraudulent or void.

Based upon the last-mentioned finding, the court declared as a matter of law, that the mortgage was valid and a lien upon the mortgaged premises, superior to the equity of plaintiff's grantor, which existed at the time the mortgage was given; also that the superior lien of the mortgage was not affected by the subsequent decree in *Bowsman* v. *Anderson,* whereby the judgment in ejectment, upon which the mortgagee relied, was vacated.

In making the above finding of fact, the court evidently assumed that the judgment in ejectment covered all the mortgaged lands, when in fact it covered but one parcel thereof, and on that account the court may have erred in its conclusions of law. If so, an appeal was the exclusive remedy for correction of that error.

Both suits were tried by the same judge, who in the instant case, made the unequivocal declaration in a finding of fact, that "all the matters and things complained of by the plaintiff herein were adjudicated and determined" in the foreclosure suit.

The finding so made is entitled to much weight in determining the question of whether the merits of plaintiff's claim of paramount title were tried in the foreclosure suit.

The record in the foreclosure suit shows beyond question that identically the same issues concerning plaintiff's title to the land in question as are pre-

sented in the instant suit, were before the court for
determination in the foreclosure suit, and that such
issues were necessarily considered and decided there-
in, and that they were actually heard and determined
by the court in that suit upon identically the same
evidence that was submitted in the instant suit, and
it also appears that the court had jurisdiction of the
parties and of the subject matter. Under such cir-
cumstances all the authorities agree that the decision
in the former suit prevents a retrial of the same
matters in a subsequent suit between the same par-
ties, and that result is not changed where a party
comes to the second trial armed with additional or
different evidence upon the same question, which he
did not present when it was before in controversy:
Black on Judgments, § 609. Nor does the fact that
the first judgment or decree may have been erroneous
affect its quality as an estoppel: *Ralston* v. *Bennett,*
93 Or. 519, 523 (183 Pac. 766).

"Where a court has jurisdiction, it has a right to
decide every question which occurs in the cause, and
whether its decision be correct or otherwise, its judg-
ment, until reversed, as a general rule, is regarded
as binding in every other court." *Nations* v. *John-
son,* 24 How. (U. S.) 195, 202, 16 L. Ed. 628, 631, see,
also, Rose's U. S. Notes).

If the foreclosure decree was erroneous, the
obvious remedy of the plaintiff, defendant there, and
perhaps her sole remedy for correction of the error,
was an appeal to this court. She could not waive
her right of appeal and maintain an independent suit
upon the same claim, disregarding that decree.

When summoned as a defendant in the foreclosure
suit, plaintiff might have made default, or, if so
advised, might have answered setting up her adverse

title, with the prayer that the suit be dismissed as to her, and in either such case the subsequent decree of foreclosure would not have been a bar to her right to maintain a suit or action based upon her claim of paramount title: *Gennes* v. *Peterson*, 54 Or. 378 (103 Pac. 515); Jones on Mortgages (7 ed.), § 1440. But having elected to submit her claim of paramount title for determination and adjudication in the foreclosure suit, and the court having considered the evidence given in support of that claim and determined the issue in respect thereto, plaintiff is concluded by the resulting decree.

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.