## George Duffield v. The City of Detriot.

*Street openings: Jury must make separate findings of damages and benefits.* Where, under section 38, chapter 7, of the charter of Detroit, a jury in a street opening case is directed, where only part of a lot is taken, to "determine the benefits or enhanced value that will accrue from the improvements to the portion or portions not taken, and deduct the same from the damages or compensation they would otherwise award to the owner or owners," there must be separate findings, so as to show what the entire jury consider the amount of damages, and what the amount of benefits; and a verdict simply showing the balance, after deducting the one from the other, is invalid. The jury must concur on both items, and report them.

*Recorder's Court: Recorder must make written finding of all questions acted upon in street opening cases, not appearing on the record.* The statute giving jurisdiction to the Supreme Court to review all legal questions arising in the proceedings before the Recorder's Court, and requiring a certified copy of all such proceedings to be returned on appeal, necessarily contemplates a written finding or report to be prepared and filed by the Recorder, setting forth all questions arising, and action had before him, which will not otherwise appear on the record. Upon the return of the proceedings on appeal, such report will then furnish the means of determining how far the action below was open to complaint, and no ruling can be reviewed which does not appear in that or in some other part of the return.

*Heard May 10th and 11th. Decided May 25th.*

Appeal from the Recorder's Court in the city of Detroit.

Proceedings were had in the Recorder's Court to open a street running through appellant's premises, and which would leave part of said premises on each side of said street.

By stipulation, it was agreed that appellant's counsel request the court to charge —

"That if they found that it was necessary to take the property of said George Duffield for the intended improvement, that then in determining the just damages and compensation to be paid to him, they had no right to assess or apportion any supposed benefit that, in their judgment, might accrue by reason of said improvement, to the remaining portion of the property of said owner."

It was also stipulated "that the court declined and refused so to charge, and that to such refusal the counsel

for said owner noted an exception. But that the court instructed the jury that in view of all the circumstances of the case, they should award the owner of the land proposed to be taken just damages and compensation, that in assessing such damages and compensation, they should consider all damages that might accrue to any portion of his lot or lots not taken, and might also determine the benefits or enhanced value that would accrue from the improvements to the portion of his lot or lots not taken, and deduct the latter from the damages they would otherwise award the owner."

To which instruction the counsel for said owner noted an exception in writing.

The jury brought in a verdict that it was necessary to take the premises described, and awarded to appellant the sum of one thousand dollars as his damages and compensation, without stating the damages and compensation separately.

*D. B. & H. M. Duffield*, for appellant.

1. The verdict of the jury is defective, because it does not show to the court or to the owner the amount of damage suffered, or the amount of benefits received.

This is necessary, in order that the court may review aright the action of the jury on objections made to confirmation.

It is also necessary, that the owner may learn how he is compensated, or how refused compensation.

The principle is applied under section twelve, chapter seven, of city charter, as every man is thus advised of his proportion of benefits, and the total damages for the proposed improvement.

The language of the law of 1865 clearly instructs the jury on this point, and their record - verdict must show that the requirements of the law have been complied with.

When power is given a corporation to take property, it must be strictly pursued, and ordinarily it must appear to be so, on the face of the proceedings. — 25 *N. J.* 413; 29 *Id.* 111; 9 *Wend.* 251; 17 *Id.* 663.

The record being defective, the other points made by counsel become immaterial.

*Wm. Gray* and *L. Cochrane*, for the City.

The verdict of the jury is not defective. They have followed the precise language of the charter. — *Charter*, *p.* 75, § 14.

It will be presumed that the jury have assessed the "just compensation," that they have "determined the benefits," and "deducted the same from the damages." The statute makes no requirement of them to report them. After determining and deducting, their duty relative to them ceases.

The means by which they have arrived at the amount of compensation might gratify curiosity, sometimes even serve a useful purpose; but, ordinarily, courts appear to desire to have little to do with the mathematical calculations of the jury room — they only look to the final result.

The form insisted upon in the objection has nowhere in this country been the practice, under laws precisely similar to the one in question, with one or two exceptions.

The sole issue and real point in this case, was as to the amount of compensation to which the appellant was entitled. The verdict or report sets it forth. The issue is supported, and this is all that is required. — 8 *Port.* 66, 69; 3 *Sneed*, 17.

The court can fully understand it; it is therefore good. 12 *Ind.* 275.

The benefits are precisely in the nature of an offset; nothing need be stated in the verdict relative to offset. — 8 *B. Mon.* 227.

Even where there is a substantial defect in the verdict, it will not be set aside, unless the party making the application would be injured by allowing it to stand. — 1 *Morris*, 18.

CHRISTIANCY J.

We can not, I think, in the present condition of this record, properly make a final disposition of this cause by reversing or affirming the judgment and proceedings in the Recorder's Court.

The only portions of the proceedings properly authenticated or certified are the verdict or report of the jury, the objections filed to its confirmation, certain affidavits, the order confirming the report, and the appeal.

These are properly certified by the clerk. The request to charge the jury, and the charge or instructions given, are not officially authenticated in any way. In fact, the clerk could not properly certify them, unless they were put in writing and filed. The clerk, however, has not attempted to certify either the request or the charge; but an attempt has been made to bring these before us by stipulation of counsel for the respective parties.

It is not competent for parties, by stipulation, to determine for review in an appellate court what were the rulings or the judicial action of the judge, of which a review is sought. This information must in some way come to us under the sanction of the judge himself.

Again, it does appear that certain affidavits were filed in support of the objections to the confirmation of the report; and these are properly certified by the clerk. But it does not appear whether these affidavits were received and considered, or rejected by the court. His action in this respect must be stated by himself. The clerk can certify nothing which does not appear of record or upon the files. The statute giving this appeal is peculiar. It gives the right to a review in this court by appeal, but

it confines the power of review to questions of law merely. (*Sec.* 23, *chap.* 7, *of Charter.*) It makes no express provision for the mode in which the proceedings are to be authenticated, except that provided in section twenty-two, which is, that "in case of appeal, as above, it shall be the duty of the clerk of said Recorder's Court, forthwith, or as soon as practicable, to transmit to the Supreme Court a certified copy of all the proceedings in the case, which may be filed in the office of any clerk of said court," meaning, doubtless, that the certified copy may be filed in the office of the Supreme Court, which has more than one clerk. And yet it is evident, from the twenty-first and twenty-third sections, that the legislature intended to give to any party considering himself aggrieved, the right to review on appeal of any question of law which might arise in the course of the proceedings.

We think, therefore, the statute, by fair intendment, must be understood as requiring of the Recorder a special report or finding as to all the objections (filed) to the confirmation under section sixteen, and set forth in the specification of errors, on appeal under section twenty-one, and all his judicial action in reference thereto, except what already appears upon the files; and that such report or finding should be filed by him with the clerk, and come up with the record.

Among the specifications of errors stated in the appeal, it is alleged that the Recorder refused to charge, as requested, against the assessment of benefits in reduction of damages, and that he did charge the jury that they were at liberty to determine the benefits or enhanced value that would accrue from the proposed improvement to the portion of said property not taken, and deduct the same from the damages or compensation they would otherwise award.

If this charge was given, it became the duty of the jury, under section thirty-eight, chapter seven (amendment of 1865), if that act is valid, to determine the benefit or

enhanced value, and deduct the same from the damages; but, unless the charge was thus given, they had no such duty to perform, or at least there was nothing requiring them to find specially the amount of benefits, and the general finding of damages was all that was required. But if the charge or instructions were given as stated, and this fact were officially before us, we might perhaps dispose of the case upon the question of the sufficiency of the report, which does not find separately the amount of benefits and the amount of damages, and, therefore, might have been concurred in by all the jury, without any two of them agreeing upon the amount of either.

But it does not appear by the record, in its present shape, whether *such* instructions were given. This appears only by the stipulation, which, as we are all agreed, can not be recognized as proper evidence of *what the instructions were.* If it be competent to determine by stipulation the abstract fact that instructions were given by the Recorder, this does not advance us a single step, as we can not from this infer what the instructions were; and they may have been directly the reverse of what is supposed.

The fact that but one thousand dollars· damages were given, while the affidavits show the property worth seven thousand, may furnish an inference that the jury probably allowed benefits in reduction of damages. But this may have been without any instructions, or contrary to instructions, or because they took a different view of the value. But to reverse the proceedings upon the loose inference of such instructions, to be drawn from facts stated in these affidavits, would be to substitute these affidavits for the report or finding of the Recorder, which would be quite as objectionable as to substitute the stipulation for such finding or report. I see no proper justification for such substitution of either, while the report of the Recorder can so easily be obtained. Until we have such report,

there is, it seems to me, no question before us upon which we can make a final decision.

As it was the duty of the Recorder to have made and filed such finding or report, I can see no reason to doubt our power to require of him the performance of that duty now.

The appeal has been properly taken, and we ought not, therefore, to dismiss it for any defect for which the appellant is not in fault. I think, therefore, an order should be entered requiring a special report or finding by the Recorder as to all the matters above indicated, which should be filed with the clerk of that court, and by him be certified to this court, as a part of the record, for such further action as the case may require.

MARTIN Ch. J. concurred.

COOLEY J.:

In this case objections are made to the charge by the Recorder to the jury; to the rule of damages supposed to have been adopted by the jury; to the form of the verdict or report, and to the ruling supposed to have been made by the Recorder upon affidavits presented to him in opposition to the motion for confirmation of the report. The record, as filed in this court, is exceedingly imperfect, and none of the questions are presented as they should be for our decision.

The charge made by the Recorder appears in the case in no other way than by a stipulation of the parties. It has been frequently decided that parties could not be allowed, in this way, to settle for themselves the decisions made by the courts—*Niagara Fire Insurance Co. v. De-Graff*, 12 *Mich.* 10—and the reason for this is too conclusive to warrant the practice being departed from in any case. Wherever the statutes provide for a review by this court of the decisions made by other tribunals, they contemplate that the proceedings of those tribunals should be

DUFFIELD v. THE CITY OF DETROIT.

placed before us in an official form; and it would be unfair to other courts to hold them bound by rulings which the parties say have been made by them, but which might assume a different phase if stated in their own words, and with such qualifications as may have accompanied them.

It is difficult to read the provisions on the subject of opening streets in the Detroit charter without being struck with their obvious deficiencies. The provision for instructing the jury in their duties would seem to leave it optional with the Recorder whether they should be instructed to allow benefits: *Laws*, 1865, *p.* 681; and there is no provision which, in express terms, requires the Recorder to put in writing his rulings. As, however, an appeal is allowed to this court, by which the rulings of the Recorder in matters of law are to be reviewed: *Laws*, 1857, *p.* 124, §§ 21 *to* 25; and as the only return provided for is of a certified copy of the proceedings, to be sent up by the clerk of that court—§ 22—and as it is impossible for the clerk to return the proceedings which show the rulings of the Recorder anterior to the final decisions, except as they may be put in writing by the Recorder himself, and placed on file, the implication from the statute that this must be done is so strong as to be imperative. The impossibility of protecting parties in their rights without doing this, is very apparent in the present case. We are informed of what is said to be the Recorder's charge by a stipulation; but we can only infer what the rule of damages adopted was, and what was the Recorder's ruling upon the admission of affidavits in opposition to the confirmation of the report. Indeed, upon the latter point the parties are directly at variance.

It remains to be determined whether we shall dismiss this appeal, order a further return, or endeavor by an examination of the record as it now stands to ascertain whether any error of which the appellant can justly complain satisfactorily appears. As the defects in the record are not

such as the appellant is necessarily responsible for, the first proceeding would be manifestly unjust. To order a further return would be unavailable, as it is to be presumed the clerk has already sent up everything now on file. And although we might possibly go further, and require the Recorder to put on file such a report or finding as would show his own doings and rulings—and which we think is necessary in these cases—yet, as this would inevitably result in considerable delay, perhaps to the public detriment, it may be well to examine the record further to see if we can dispose of the case properly as it now stands.

Amended section 38 of the charter provides that, "In assessing the damages and compensation * * * where only a portion or portions of a lot or lots are taken, the court may instruct the jury to, and in case of such instruction, the jury shall determine the benefits or enhanced value that will accrue from the improvements to the portion or portions not taken, and deduct the same from the damages or compensation they would otherwise award to the owner or owners." A fair construction of this section will require the benefits or enhanced value to be assessed separately. The verdict should contain the finding of the jury upon the value of the land taken, and also upon the enhanced value of the remainder by means of the improvement; and their award of damages to the owner should be the diminution, if any, of the value of his estate thus ascertained. It is impossible that there should be a satisfactory review by the Recorder's Court without such a finding; and what is quite as much to the purpose, it might well happen, if a general verdict upon the damages was sufficient, that twelve men would agree upon that, without being at all able to agree either upon the value of the land taken, or the enhanced value of the remainder; the two facts upon which the statute contemplates the jury are to unite. There is sound reason for requiring a separate report upon these points; for a more accurate and

careful application of the judgment of the jurors may be looked for with confidence if they are to make each estimate by itself, so that it will be subject to separate examination and criticism, than if the two estimates were combined, and the difficulty in ascertaining the elements that · entered into the computation in the minds of the jurors thereby, as it must be, greatly increased.    This appears to us to be the clear intent of the section in question; and it is so just to all parties concerned, and so necessary to insure his rights to the person whose land is taken, that it can not be treated as mere matter of form.   If, as might well happen, twelve men should be entirely unable to agree upon the benefits that would be likely to accrue, but should nevertheless be able to agree upon the damages, because differing in like degree upon the value of the land taken, it would be somewhat difficult to say that they had determined "the benefits or enhanced value" as the statute requires.    The land owner is entitled to have the benefit of the judgment of the whole jury upon each element of the verdict; and there is no determination upon either point without agreement upon that separately.

I have already said, however, that the wording of the statute would seem to leave it with the Recorder to instruct the jury to deduct the benefits or not at his option. It is difficult to believe that the charter designed to leave an arbitrary power of this kind in the hands of any one; and if the charter is subject to this construction, a grave question might arise as to its validity.    Assuming, however, that it would be the duty of the Recorder to make a like charge in all cases where benefits could be supposed to accrue, the question arises whether it appears from this record that such a charge was made in this case as would require the separate findings.

And upon this point I think the stipulation of the parties was competent.   There is a manifest difference between stipulating as to what the rulings of a court were, when

the object is to obtain a review of those rulings, and stipulating the same thing for some collateral purpose. In the first case, justice to the court requires that its rulings be reviewed only upon its own report; but when they are not under review, and are only important as bearing upon some other fact, it is as competent to stipulate in regard to them as it would be to show any other collateral circumstance in the same way. The reason which excludes the stipulation in the one case has no application in the other; for the court, in respect to whose decision the stipulation is made, has no concern with the inquiry involved if the correctness of its ruling is in no way called in question. Indeed it often becomes necessary to prove the rulings of courts in the ordinary mode in collateral inquiries.

It appears, then, that under the charge of the Recorder it became the duty of the jury to assess the value of the property taken, and the benefits or enhanced value of the remainder of the premises separately. This has not been done, and the proceedings I think should be reversed. The question then remains whether the case shall be remanded. The statute—*Laws*, 1857, *p.* 125, § 24—authorizes us, if the reversal is for an error "which it is practicable for the Recorder's court or jury to correct with due regard to the public interest and rights of individuals," to remand the case for such correction. The particular error here in question might, perhaps, be corrected on a remand; but as we can not pass upon the other questions raised upon this record, and the statute prohibits a second appeal, justice to all parties seems to require that the proceedings be altogether set aside. We can do this with the less reluctance inasmuch as the affidavits returned on the appeal, and which stand uncontradicted, make a strong showing against the correctness of the report, and lead to the inference that perhaps the jury took into consideration supposed

benefits to the appellant which could not have been allowed by law.

CAMPBELL J.

The appellant is owner of certain premises in Detroit, a portion of which has been taken for a public street, and the regularity of the proceedings is now brought up on appeal from the Recorder's Court, where the jury's verdict was confirmed.

The jury, by their finding, assess appellant's damages at one thousand dollars, but do not show by what process they arrived at that amount, nor whether it does or does not include any deductions for supposed benefits. Until this appears in some way, unless the matter is made pertinent by the other proceedings, it will be difficult and irregular to discuss any constitutional question arising out of it.

The thirty-eighth section of chapter seven of the city charter contemplates that, where only part of a lot of land is taken for a public improvement, the Recorder may direct the jury to determine the benefits or enhanced value that will accrue to the property not taken, and deduct the amount from the damages or compensation they would otherwise award. If—as is, perhaps, the fair construction—this section leaves it to the Recorder to determine in what cases this discrimination is permissible—this determination, being judicial, must rest upon some existing or supposed rules or reasons, which ought to be announced, and the jury should receive such general directions and cautions as would be appropriate to guide them in coming to a right decision.

We have not before us the general or particular instructions which the Recorder gave, and which the various sections of the charter contemplate he shall give upon the duties of the jury. The statute is express that the court shall " *instruct said jury as to their duties, and the law*

*applicable to the case."—Sec.* 9. All we have is a stipulation showing that the Recorder did instruct the jury in this case to consider and deduct the amount of benefits or enhanced value from the damages.

This does not inform us, even if we could act upon such information by stipulation, of the precise character and extent of the instructions given to the jury. It is plain enough that the stipulation does not embrace the entire charge. We can not, upon such a showing, proceed to review the correctness of the Recorder's charge, because, if he were to report his own doings, we might learn, what now we can not know, how far his instructions may have gone in furnishing to the jury a rule of action. But I do not see any good reason for declining to receive this stipulation as evidence that this case was committed to the jury as one arising under the thirty-eighth section, and as one in which the question of benefits was to be considered. While we can not review the correctness of this ruling in the form in which it is presented, I see no reason for rejecting this admission of it for any other purpose.

The question then arises whether the finding of the jury complies with the law. Upon this we have no doubt. The statute, in plain terms, requires .the jury to "*determine the benefits or enhanced value*," and "*deduct the same from the damages or compensation they would otherwise award to the owner or owners.*"

This involves a double duty, upon each branch of which the whole jury must come to an agreement. They must first determine the damages "they would otherwise award," without reference to any benefits. They must then determine how far the remaining portion or portions of property will be benefitted or enhanced. The sum of these amounts estimated for advantages will then be deducted from the gross damages, by a simple computation. The language of the section will not admit of any other construction. And it

must be remembered that a jury in these cases does not merely make a general verdict of damages, but is required to report its proceedings at large upon other matters besides the computation or determination of single money results. The law contemplates that there may be mortgages, leases or agreements, which may cover all, or only parts of the property taken or affected, and, in such cases, compensation is to be apportioned among those interested, by the jury. — *Sec.* 11. It is quite manifest that if damages and deductions from damages are not kept separate, the rights of such parties could not be easily determined. The jury, for example, might, in a case like this, possibly reduce the damages very much below what would have been given if such benefits were excluded. Yet it might easily happen that encumbrances should exist on the portion taken, which did not cover the rest, and where, of course, the enhanced value of the rest would not aid the security. The same might be true as to leases. In such cases, the deductions which might properly reduce the compensation of the adjacent land owner, could not be made against the others, without great injustice. The statutory rule, therefore, can not be regarded as only directory, and a failure to comply with it vitiates the verdict. And for this reason the proceedings should have been set aside.

The statute provides that where the proceedings are reversed for errors which can be corrected, "*with due regard to the public interests and rights of individuals,*" they shall be remanded to the Recorder's Court, with directions that such errors be corrected. — *Sec.* 24. When the jury correct the errors, the verdict is to be confirmed, "*without any further right of appeal.*"

If this case is remanded, without a review of the law questions (which are not before us in any proper shape for review), the result will be that the jury will, by a new verdict, discriminate between damages and benefits, upon a view of the law which we can not, by means of

another appeal, be enabled to consider.   This would not be consistent with a due regard for the rights of individuals, to whom the law intends to secure full means of legal redress upon an appeal.   We should, therefore, content ourselves with reversing and annulling the entire proceedings, and decline to remand them.

Although the statute is silent upon the means of perpetuating the law questions presented and decided, it distinctly authorizes us to review all the law points, and it provides that this shall be done on a return made by the clerk of the Recorder's Court.   He can certify nothing but that which is written.   It follows, of necessity, that upon all questions which arise, and are disposed of, the parties have a right to require the written statement of the Recorder, to be placed on file.   Whether this is put in the form of a bill of exceptions, or case made, or otherwise, is not, perhaps, very material, but it must be drawn up in some reliable and authentic form, certified by the Recorder.

In the absence of such a statement, we are precluded from considering any of the important constitutional and statutory questions arising on the correctness of the supposed rulings of the Recorder.

I think the proceedings should be reversed, with costs.

The Court being thus equally divided upon the jurisdictional question, COOLEY J., in order that the case might be disposed of, assented to the course suggested by CHRISTIANCY J. that a further return be made by the Recorder, showing the ruling and proceedings not now regularly appearing in the record.