Argued March 31, affirmed April 29, rehearing denied May 31, second petition for rehearing denied June 29, 1927.

## B. F. GIESY *v.* THE AURORA STATE BANK

### ET AL.

(255 Pac. 467; 256 Pac. 763.)

**Mortgages—Decree in Mortgage Foreclosure Suit Held not to Estop Prior Mortgagee from Maintaining Foreclosure Suit, in View of Pleadings and Statute (Or. L., § 423).**

1. Where plaintiff in mortgage foreclosure suit alleged that company, which in fact held a prior mortgage, was asserting a claim, right or interest in the property, and that such claim was "subordinate in time, and inferior in right, to the rights * * of plaintiff herein" *held* decree in such suit, in which prior mortgagee did not appear, did not estop such mortgagee from subsequently maintaining foreclosure suit, in view of Section 423, Or. L.

**Mortgages—Generally, Prior Lienholders are Neither Necessary nor Proper Parties to Foreclosure Suit.**

2. As a general rule, persons holding mortgages or liens prior to the mortgage sought to be foreclosed are neither necessary nor proper parties to the suit.

**Mortgages—Foreclosure Decree cannot Affect Prior Lienholders not Proper Parties.**

3. Decree foreclosing mortgage can have no effect on rights of holders of prior liens not proper parties.

**Pleading—In Mortgage Foreclosure Suit, Pleading That Claim Adverse was Subordinate in Time, and Inferior, to Plaintiff's Right, Held Mere Legal Conclusion.**

4. In mortgage foreclosure suit, allegation that particular company was asserting some right or interest in the property, which

---

2. See 19 R. C. L. 529.
3. See 19 R. C. L. 529.

(1)

right was subordinate in time, and inferior, to plaintiff's rights, *held* a mere legal conclusion.

**Mortgages—Plaintiff in Foreclosure Suit, Challenging Validity of Prior Recorded Mortgage, must Plead Facts Showing Invalidity.**

5. Whenever plaintiff in a mortgage foreclosure suit seeks to challenge the validity of a prior recorded mortgage or the right of the mortgagee therein named to a superior lien, it is mandatory on him to allege facts from which it would appear that the prior mortgage was invalid, or that it would be inequitable that such lien be made superior to his.

### ON PETITION FOR REHEARING.

**Mortgages—Complaint for Foreclosure Alleging Defendants are Asserting Claims Under Liens, Which are Inferior, Bars Subsequent Assertion of Interest by Such Subsequent Encumbrancers if They Fail to Appear.**

6. Allegation in complaint for foreclosure of mortgage that defendants claim interest in property and that such interest is subsequent and inferior to plaintiff's right requires subsequent encumbrancers, made defendants, to appear or be barred from asserting their rights.

**Mortgages—Where Prior Lien was in Foreclosure Suit Alleged to be Inferior, Lienor Failing to Appear was not Estopped to Assert Claim.**

7. Allegation in complaint for foreclosure of mortgage that defendants claimed interest in property described, which was inferior, though requiring subsequent encumbrancers to appear and disclose their interest, *held* not to bar claim of prior lienor, made defendant, who did not appear in foreclosure suit.

**Mortgages—Rights of Holder of Prior Mortgage, Made Defendant in Foreclosure Suit, were not Barred on Failure to Answer Where Facts Showing Purpose to have Prior Lien Declared Subordinate were not Alleged.**

8. Rights of holder of prior mortgage, made party defendant in foreclosure suit, apparently for purpose of liquidating prior lien or having prior lien declared subordinate to that of plaintiff, were not barred on defendant's failure to answer where facts showing purpose for which suit was brought were not clearly stated.

**Mortgages—Complaint in Foreclosure Suit Should Allege Facts Showing Purpose of Liquidating Prior Lien or Having It Declared Subordinate.**

9. Plaintiff in suit to foreclose mortgage, who undertakes to join holder of prior mortgage as party defendant for purpose of liquidating prior lien or having it declared subordinate, must state facts showing such purpose in his complaint.

**Mortgages—Allegation in Complaint in Foreclosure Suit That Interest of Defendant Holding Prior Mortgage was Subsequent was not Admitted by Defendant's Default.**

10. Allegation of complaint in foreclosure suit that defendant's interest was subsequent and subject to mortgage being foreclosed

---

5. See 19 R. C. L. 530.

was not admitted by failure of defendant holding prior mortgage to answer.

**Mortgages—Dates of Execution and Recording of Mortgages are Prima Facie Evidence of Respective Priority.**

11. Dates of execution and recording of mortgages appearing on instruments are *prima facie* evidence as to priority between such mortgages.

**Courts—Former Opinion, Rendered on Different State of Facts, is not Controlling.**

12. Court is not controlled in its decisions by former decision, based on different facts.

Mortgages, 41 C. J., p. 892, n. 22; 27 Cyc., p. 1569, n. 21, p. 1570, n. 22, p. 1577, n. 53, p. 1599, n. 41, p. 1601, n. 63, p. 1602, p. 75.

From Marion: L. H. McMAHAN, Judge.

Department 2.

On January 21, 1926, plaintiff herein, as trustee, instituted suit to foreclose a mortgage lien on real property created by a trust deed given to secure the payment of three several promissory notes for $2,500 each, executed by Robert Krims and Marie N. Krims, his wife, to the Willamette Valley Mortgage Loan Company, an Oregon corporation. The notes and deed bear date April 19, 1919, and on April 21, 1919, the deed was duly recorded at page 228, Book 97, Mortgage Records of Marion County, Oregon.

Some time subsequent to the execution of the notes and trust deed and the institution of this suit, defendants Robert Krims and Marie N. Krims conveyed to defendant Alfred P. Dobson all their right, title and interest in the real property described in that deed.

Defendant J. Weiner, the owner of a subsequent mortgage lien, filed an answer consisting of a general denial, and an affirmative defense wherein he pleaded

12. See 7 R. C. L. 1003.

an estoppel by reason of a decree rendered in a prior suit. The answer discloses the following facts:

On May 15, 1919, defendants Robert Krims and Marie N. Krims, his wife, made and delivered, for value, a promissory note for $10,000, payable to the order of J. F. Duffy, secured by mortgage of even date therewith upon the real property described in the trust deed hereinbefore mentioned. This mortgage was recorded at page 396, Book 97, Mortgage Records of Marion County, Oregon, on May 19, 1919. On May 12, 1925, Duffy assigned the mortgage to defendant J. Weiner, who thereby became, and at the time of the institution of this suit was, the lawful owner and holder thereof. On June 1, 1925, Weiner filed a complaint in the Circuit Court of the State of Oregon for Marion County, naming as defendants, among others, B. F. Giesy, Trustee for the Willamette Valley Mortgage Loan Company, and Willamette Valley Mortgage Loan Company, and alleging, among other things, that no part of the promissory note had been paid save and except the sum of $6,000. He averred:

"B. F. Giesy, as Trustee of the Willamette Valley Mortgage Loan Company, a corporation, Aurora State Bank, an Oregon corporation, J. F. Duffy, Willamette Valley Mortgage Loan Company, a corporation, and Alfred P. Dobson, as the plaintiff is informed and believes, claim to have some right, title or interest in and to the real property described in said mortgage alleged in paragraph 3 hereinabove, and that any right, title, interest or claim of said defendants, of any or either of them, in and to said property, is subordinate in time and inferior in right to the rights, powers and privileges of plaintiff herein, and plaintiff alleges the mortgage hereinabove described in paragraph 3 is superior in time

and right to any and all right, title and interest claimed by the Aurora State Bank, a corporation, J. F. Duffy, Willamette Valley Mortgage Loan Company, a corporation, and Alfred P. Dobson."

The complaint prayed:

"That said defendants herein described, and each of them, and all others claiming or to claim by, through or under them, be barred and foreclosed and enjoined from asserting any right, title, lien or interest in, to or upon said last above-described real property, or any part thereof, except the statutory right of redemption. * * "

On the trial of the instant suit, the court sustained a demurrer to the above affirmative matter alleged in the answer, and rejected the judgment-roll as evidence of the defendant's plea in bar. Defendant appeals.                                   AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Robert R. Rankin.*

For respondent there was a brief and oral argument by *Mr. Alfred P. Dobson.*

BROWN, J.—1. Does the decree rendered in appellant's foreclosure suit—case number 17607—constitute an estoppel by judgment against the plaintiff in this suit? This is the question involved herein. There appears to be no question concerning the facts. The unpaid promissory notes, made and delivered to the plaintiff, and the trust deed given to secure their payment, were made in good faith and for a valuable consideration, and that deed was duly recorded in the mortgage records of Marion County. About a month after the execution and recordation of the

deed, Robert Krims and Marie N. Krims, his wife, for a valuable consideration, made and executed to J. F. Duffy their promissory note for $10,000, secured by mortgage upon the same real property described in the above deed, which mortgage was duly placed of record. The record clearly shows that, before the entry of the decree in case number 17607, the mortgage which the plaintiff now seeks to foreclose was prior in time and prior in right. How does that foreclosure proceeding affect the paramount mortgage?

Section 423, Or. L., provides:

"Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt, or any part thereof, secured by the mortgage or other lien which is the subject of the suit, shall be made a defendant in the suit, and any person having a prior lien may be made defendant at the option of the plaintiff, or by the order of the court when deemed necessary."

2, 3. There is a wealth of authority sustaining the proposition that, as a general rule, persons holding mortgages or liens prior to the mortgage sought to be foreclosed are neither necessary nor proper parties to the suit, and that the decree can have no effect upon their rights. See 1 Wiltsie on Mortgage Foreclosure (3 ed.), § 209, and authorities cited in note 99; 2 Jones on Mortgages (7 ed.), § 1439; 19 R. C. L., Mortgages, § 332; 41 C. J., p. 892; 9 Ency. Pl. & Pr. 134; 19 Stand. Ency. of Proced. 1008; Pomeroy's Code Remedies (4 ed.), pp. 333, 334.

4, 5. From our statement, it will appear that the only allegation in reference to the lien of the Willamette Valley Mortgage Loan Company is the assertion

of Weiner to the effect that it claims to have some right or interest in and to the real property described in the mortgage, but that such right is subordinate in time and inferior in right to his (Weiner's) rights, powers and privileges. This is a mere legal conclusion. If the company's mortgage had been paid but was unsatisfied of record, or if it was fraudulent or invalid and for that reason inferior to Weiner's claim, the pleader should have set forth the facts showing such to be the case. Whenever a litigant in a suit to foreclose a mortgage lien seeks to challenge the validity of a prior recorded mortgage, or the right of the mortgagee therein named to a superior lien, it is mandatory upon him to allege facts from which it would appear that the prior mortgage was invalid, or that it would be inequitable that such mortgagee's lien be made superior to his. Among the many authorities supporting our position in this regard, see *Gregory* v. *Suburban Realty Co.,* 292 Ill. 568 (127 N. E. 119), where it is written:

"Where a first mortgagee is made defendant to a bill to foreclose a second mortgage under the general allegation that he claimed some interest in the premises, and a decree for foreclosure and sale is entered in the usual form (of foreclosure decree) barring all defendants of any right or claim, the lien of the first mortgage will not be affected." Point 5, Syl.

See, also, *Smith* v. *Roberts,* 62 How. Pr. (N. Y.) 196; *Burns* v. *Sholl,* 111 Neb. 628 (197 N. W. 393); *Strobe* v. *Downer,* 13 Wis. 10 (80 Am. Dec. 709), and valuable note; *Dawson* v. *Danbury Bank,* 15 Mich. 488, opinion by Mr. Justice COOLEY.

As illustrating the exceptions to the general rule that prior mortgagees are neither necessary nor proper parties defendant, we quote the following:

"A prior encumbrancer by mortgage, judgment or otherwise may be made a defendant to the foreclosure of a junior mortgage for the purpose of having the amount of his claim ascertained and paid out of the proceeds of the sale; but such a purpose must be specifically indicated and the prior claim set forth in full in the complaint." 1 Wiltsie on Mortgage Foreclosure (3 ed.), § 211.

To like effect, see 19 R. C. L., § 333; 19 Stand. Ency. of Proced., p. 1008.

In 2 Jones on Mortgages (7 ed.), section 1439, the rule is stated thus:

"When a prior encumbrancer is made a party to a foreclosure suit, there should be an allegation of the purpose for which he is made a party; as, for instance, that the rank and amount of his mortgage may be ascertained and determined by the judgment of the court, so that the mortgage can be paid out of the proceeds of the sale, or so that the sale may be made subject to the known amount of the lien. If such purpose is not indicated in the complaint nor provided for in the judgment, the prior encumbrancer will not be affected by the judgment."

See, also, *Barnes* v. *Anderson et al.,* 108 Or. 503 (217 Pac. 836), and local citation. In that case, after declaring the general rule that questions relating to titles adverse or paramount cannot be litigated in a suit to foreclose a mortgage, we held that, if a person sued as a defendant in a foreclosure suit by his answer alleges paramount title, praying that such title be adjudicated, and is heard upon that issue, he is bound by the resulting decree. However, in rendering the opinion, Mr. Justice McCOURT, speaking for the court, said:

"When summoned as a defendant in a foreclosure suit, plaintiff might have made default, or, if so

advised, might have answered, setting up her adverse title with the prayer that the suit be dismissed as to her; and in either such case the subsequent decree of foreclosure would not be a bar to her right to maintain a suit or action based on her claim of paramount title.''

In the Weiner suit, neither the company nor its trustee tendered to the court for adjudication any issue relating to the priority or validity of the company's lien, and Weiner made no averment that identifies the company's lien as the lien he was attempting to subordinate to his own. His pleading sought relief against the company's claim of ''right, title or interest in * * real property'' that ''is subordinate in time and inferior in right to the right * * of plaintiff herein.''

The rule calling for a liberal construction of pleadings has no application here. The record before us does not reveal a defective statement of a good cause of suit. It does, however, afford an excellent example of the Code requirement that a statement of facts, and not legal conclusions, be pleaded.

This case is affirmed.                          AFFIRMED.

BURNETT, C. J., and BEAN and BELT, JJ., concur.

Rehearing denied May 31, 1927.

ON PETITION FOR REHEARING.

(256 Pac. 763.)

REHEARING DENIED.

For the petition, *Mr. Robert R. Rankin.*

No appearance *contra.*

BROWN, J.—Defendant Weiner asks for a rehearing upon the ground that this court has erred in its holding that the plaintiff is not estopped from a successful prosecution of this suit by the decree rendered in a foreclosure suit brought by Weiner as plaintiff and based upon a junior mortgage.

This plaintiff's mortgage was regularly executed and duly recorded a month prior to the creation of defendant Weiner's mortgage lien. In Weiner's foreclosure suit, he made this plaintiff, Aurora State Bank and others, defendants. He bases his plea of estoppel upon a decree bottomed upon his complaint in that case, which averred:

"B. F. Giesy, as trustee of the Willamette Valley Mortgage Loan Company, a corporation, Aurora State Bank, an Oregon corporation, J. F. Duffy, Willamette Valley Mortgage Loan Company, a corporation, and Alfred P. Dobson, as the plaintiff is informed and believes, claim to have some right, title or interest in and to the real property described in said mortgage alleged in paragraph 3 hereinabove, and that any right, title, interest or claim of said defendants, of any or either of them, in and to said property, is subordinate in time and inferior in right to the rights, powers and privileges of plaintiff herein, and plaintiff alleges the mortgage hereinabove

described in paragraph 3 is superior in time and right to any and all right, title and interest claimed by the Aurora State Bank, a corporation, J. F. Duffy, Willamette Valley Mortgage Loan Company, a corporation, and Alfred P. Dobson.''

The quoted allegation was admitted by the defendants in that case, among whom was Giesy, the plaintiff herein.

6, 7. This is the usual allegation applying to all subsequent encumbrancers who are holders of general or specific liens on land, and such allegation will require each defendant to appear and disclose whatever interest he may have in the subject of the suit, or be barred from asserting any interest therein: *Wright* v. *Conservative Investment Co.*, 49 Or. 177 (89 Pac. 387); 4 Bancroft's Code Pleadings, § 1960; 2 Jones on Mortgages (7 ed.), § 1439.

But it is asserted, in effect, that such allegation includes prior, as well as subsequent, lienors, and *Wright* v. *Conservative Investment Co., supra,* is cited as authority for that proposition. That case was a suit to foreclose a mortgage given to secure a promissory note for $215, and, among other things, the complaint averred:

''That the defendants, each or all of them, have or claim some interest, equity, right, estate or claim in or to the land described in said mortgage, but plaintiff's said mortgage lien thereon is prior and superior to any lien, claim, estate, right or equity of the defendants in or to the said lands, or of either of defendants therein.''

The quoted averment was true and admitted. The record affirms that allegation. The original record is brief, and from it we take the following uncontradicted excerpt:

"It is undisputed by all that plaintiff was at all times a trustee for an original $100 part of the note in behalf of C. Mong, and that his said interest was a first trust lien on the mortgaged property."

The facts should be considered in determining the court's holding in that case. That the court had in view subsequent rights and liens when it made its ruling is further demonstrated by the foregoing excerpts and by the authorities quoted in the opinion. The court goes on to say, at page 180:

"In order that the foreclosure might be complete and a perfect title transferred by the sale, it is necessary that the holder of every such right or interest should be brought before the court: 2 Jones on Mortgages (4 ed.), § 1394."

Now, what did the court mean by "such right or interest"? 2 Jones on Mortgages, an authority upon which this court relies, says at Section 1394 (7 ed.):

"In one sense every person who has acquired any interest in the property subsequent to the mortgage is a necessary party to the suit for foreclosure, whether that interest be by way of a mortgage or judgment lien, an inchoate right of tenancy in dower or curtesy, or an unconditional estate in fee; because, *in order to make the foreclosure complete, and to transfer a perfect title by the sale, it is necessary that the holder of every such right or interest should be brought before the court.*"

The term "every such right or interest," as used by the court and the text-writer, refers to and includes "every person who has acquired any interest in the property subsequent to the mortgage."

Turning to Section 1439, the author declares:

"Persons having interests in the property paramount to the mortgage sought to be foreclosed are

generally neither necessary nor proper parties to the suit, because the only proper object of the proceedings is to bar all rights subsequent to the mortgage. The decree can have no effect upon the rights of parties having priority, whether they are made parties to the action or not. A foreclosure is designed to extinguish the mortgage and cut off all liens subsequent to it, and not to affect the title to the premises or liens thereon prior to the execution of the mortgage. * * When a prior encumbrancer is made a party to a foreclosure suit, there should be an allegation of the purpose for which he is made a party; as, for instance, that the rank and amount of his mortgage may be ascertained and determined by the judgment of the court, so that the mortgage can be paid out of the proceeds of the sale, or so that the sale may be made subject to the known amount of the lien. If such purpose is not indicated in the complaint nor provided for in the judgment, the prior encumbrancer will not be affected by the judgment.''

In further support of its holding in *Wright* v. *Conservative Investment Co., supra,* this court cited Pomeroy's Code Remedies (4 ed.), § 239, *342. In that identical section the author says, among other things:

''It is not, in general, considered that prior encumbrancers are even proper defendants, for, as their liens are paramount to the mortgage, they cannot be in any manner affected by the action or the decree therein.''

Concerning necessary and proper parties to foreclosure suits, that text-writer says:

''As titles, interests, and liens prior and paramount to the mortgage are in no way affected by it or by the decree of foreclosure and the sale thereunder, the owners and holders thereof are neither necessary nor proper parties.'' Section 231, * 334.

In *Wright* v. *Conservative Investment Co., supra,*
this court cited in support of the sufficiency of the
complaint, *Dexter Horton & Co.* v. *Long,* 2 Wash.
435 (27 Pac. 271, 26 Am. St. Rep. 867). The latter
case, as well as the former, held, in substance, that
the complaint stated a good cause of suit. That
pleading in each case contained the familiar allega-
tion involving subsequent liens and inferior interests
and rights, and undoubtedly stated a cause of suit,
hence was proof against the objections made thereto.
Besides, the complaint in each of these cases, as in
the Weiner foreclosure proceeding, contained aver-
ments sufficient to constitute an ample basis for a
decree cutting away from the defendants all rights
of redemption arising from "such rights or inter-
ests" as were acquired subsequent to the rights
under the mortgage being foreclosed. Neither
*Wright* v. *Conservative Investment Co., supra,* nor
the authorities cited in support thereof, when read in
the light of the facts and circumstances of the re-
spective cases, announce any doctrine that is repug-
nant to the general rule in this country. In substance,
this rule is as follows:

8, 9. When a plaintiff in a suit to foreclose his
mortgage lien undertakes to make a party defendant
of the holder of a prior mortgage or interest in the
property sought to be foreclosed for the purpose of
liquidating the prior lien or having the prior lien de-
clared subordinate to plaintiff's lien, the facts show-
ing this purpose should be clearly stated in the com-
plaint: 1 Wiltsie on Mortgage Foreclosure (3 ed.),
§ 211; *Tax Lien Co.* v. *Schultze,* 213 N. Y. 9 (106
N. E. 751, Ann. Cas. 1916C, 636, L. R. A. 1915D,

1115), and cases there cited.   See, also, the authori-. ties cited in our original opinion.

In the case of *Emigrant Industrial Savings Bank* v. *Goldman,* 75 N. Y. 127, 131, Mr. Chief Justice CHURCH, in rendering the opinion for the court, wrote:

"It is settled that the only proper parties to a bill of foreclosure, so far as mere legal rights are concerned, are the mortgagor and mortgagee, and those who have acquired rights under them subsequent to the mortgage (*Eagle F. Co.* v. *Lent,* 6 Paige, 635; *Frost* v. *Koon,* 30 N. Y. 428; *Lewis* v. *Smith,* 5 Seld. (9 N. Y.) 502 [61 Am. Dec. 706]; *Corning* v. *Smith,* 2 Seld. (N. Y.) 82; *Bank of Orleans* v. *Flagg,* 3 Barb. Ch. 318)."

As to the effect of allegations that persons other than the mortgagor who are joined as defendants have, or claim to have, some interest in or claim upon the mortgaged property, which interest or claim is subsequent and subject or subordinate to plaintiff's mortgage, 4 Bancroft's Code Pleading, § 1960, reads:

"Such an averment is not material to the plaintiff's cause of action and is not an issuable fact.   Nor is it an admission that the defendant has an interest in the property.   And it does not present for determination the question of the validity of the claim of the defendant against whom it is directed as a second lien, or the question whether his interest is superior to that derived under the mortgage.   The averment that his claim is subordinate to the mortgage is but a legal conclusion, and the allegation of fact that it is subsequent to the mortgage upon which such conclusion is based negatives any claim that it is prior thereto."

In 2 Abbott's Forms of Pleading (2 ed.), at page 1787, appears Form 1502 for the foreclosure of mortgages upon real property against the mortgagor and subsequent encumbrancers. At paragraph 7 thereof is an allegation similar to that in *Wright* v. *Conservative Investment Co., supra,* and we take the following from the notes covering that paragraph:

"This allegation is sufficient against defendants who claim subsequent to the plaintiff's mortgage, and is essential as furnishing the basis for the relief demanded against them: *Schneider* v. *Mahl,* 84 App. Div. 1 (82 N. Y. Supp. 27); *Vought* v. *Levin,* 142 App. Div. 623 (127 N. Y. Supp. 479). * * But a decree against defendants, made parties under such general allegations, and entered on default, does not bar rights which are paramount to the title of the mortgagee. See Form 1505, and notes; *Nelson* v. *Brown,* 144 N. Y. 384 (39 N. E. 355); *Stilwell* v. *Hart,* 40 App. Div. 112 (57 N. Y. Supp. 639); *Jacobie* v. *Mickle,* 144 N. Y. 237 (39 N. E. 66)."

Turning to Form 1505, we find a form that complies with the requirements of such standard authorities as Jones on Mortgages and Wiltsie on Mortgage Foreclosure as to the allegations essential to raise the issue of priority of a defendant's lien and obtain an adjudication thereon; and these authorities of course require an allegation of the facts which show it to be subordinate to plaintiff's mortgage.

10, 11. It is asserted on behalf of Weiner that his allegation that Giesy and Aurora State Bank claimed some interest in, or right to, the mortgaged property, but that such interest was subsequent and subject to Weiner's mortgage, has been admitted. Now, what has been admitted? Nobody has admitted at any time that the mortgage now being foreclosed is subsequent

and inferior to Weiner's mortgage. Neither does Weiner's foreclosure complaint contain any allegation that could be fairly construed as referring to the prior mortgage. The bank's mortgage appears to have been regularly executed and duly recorded a month previous to the execution and recordation of the Weiner mortgage. Hence it is *prima facie* prior in time and superior in right to the Weiner mortgage. Weiner's averments relate to subsequent rights, and Giesy's admission involves subsequent claims and rights. Nor did Giesy submit any question to the court for adjudication. Now, what was the effect of the admission that was, in truth, made?

"The effect of such an admission, where the party does not present any prior claim by cross-complaint or otherwise, is that the foreclosure, judgment and sale will bar all liens, rights and interests acquired from the mortgagor after the execution of the mortgage, but not rights or claims prior or superior to the mortgage."   4 Bancroft's Code Pleading, § 1976.

See, also, *Wardlow* v. *Middleton,* 156 Cal. 585 (105 Pac. 738); *Brophy* v. *Downey,* 26 Mont. 252 (67 Pac. 312); *McComb* v. *Spangler,* 71 Cal. 424 (12 Pac. 347); *Ord* v. *Bartlett,* 83 Cal. 431 (23 Pac. 705); *Sichler* v. *Look,* 93 Cal. 608 (29 Pac. 220).

12. Counsel for petitioner asserts that we ignore the doctrine heretofore announced by this court in *Williams* v. *Wilson,* 42 Or. 299 (70 Pac. 1031, 95 Am. St. Rep. 745). In this counsel is in error. We examined the Williams case but made no reference to it because the facts in that case were not similar to the facts in the case under consideration, and it, therefore, would not govern and is not controlling here. In writing the opinion for the court in that

case, Mr. Justice WOLVERTON, after stating the facts, said, at page 303:

"The question for decision, then, is whether a judgment lien creditor, who is a party to a suit to foreclose a prior mortgage, and who comes in by answer or cross-complaint and sets up the judgment, and obtains a decree that the proceeds of the sale, after satisfying prior liens, shall be applied in payment of his judgment, can have the mortgaged premises resold under execution issued in the law action for any deficiency due him on his judgment, when the land has been redeemed by a grantee of the mortgagor, who takes subsequent to the rendition of the foreclosure decree."

In that case, one Johnson, a defendant, the owner of a judgment lien on the premises, appeared, and answering procured from the court an adjudication that the proceeds of the sale, after satisfying prior liens, should be applied to the payment of his judgment, the court holding, in effect, that the judgment creditor's right under his original judgment had become merged in the foreclosure decree.

If the plaintiff in the instant case, who is named as a defendant in the Weiner suit, had, by answer or cross-complaint, asked for and secured a foreclosure of the mortgage, and had participated in the proceeds of the sale, the case of *Williams* v. *Wilson, supra,* would have been in point. But such a set of facts does not obtain here. Neither Giesy nor the Aurora State Bank filed an answer or cross-complaint asking for the foreclosure of their mortgage, or for any affirmative relief.

It does not appear from the record that there were embodied in the Weiner complaint any averments that would have informed Giesy or the bank that

Weiner disputed, or sought to bar, their prior and superior rights.

"A default judgment does not adjudicate matters not covered by the complaint, since it is an admission only of the ·material allegations." 2 Freeman on Judgments (5 ed.), § 664.

The petition for rehearing will be denied.

REHEARING DENIED.

BEAN and BELT, JJ., concur.

BURNETT, C. J., concurs in the result.