Argued June 22; affirmed July 24; objections to cost bill overruled
September 18, 1934

# GREBE *v.* ROHRER ET AL.

## (34 P. (2d) 927, 35 P. (2d) 985)

178

*Henry S. Westbrook,* of Portland, for appellants.

*Keith A. Caldwell,* of Portland (Harry E. Hall, of Portland, on the brief), for respondent.

BEAN, J. The defendants F. S. Crynes and Effie Crynes claim error in regard to the court sustaining the allegation as to the interest of defendants F. S. Crynes and Effie Crynes in said mortgaged premises, referred to above. This allegation was sufficient to bar the interest of a subsequent lienholder, if unanswered, and it was not incumbent upon the plaintiff to set out all the facts in regard thereto. This was a matter that was particularly within the knowledge of the defendants Crynes, and it was incumbent upon them to set up what their interest in the premises was, if they had any. They appeared by answer and attempted to set up such interest. There was no error in supporting such allegation.

Appellants contend that plaintiff, by the contract, waived the terms and conditions of the note and mortgage as to time, and that a demand was necessary, with a reasonable time in which to comply therewith before foreclosure could be instituted, under the rule announced in *Samuels v. Mack-International, etc., Corp.,* 128 Or. 600 (275 P. 596), and *Gray v. Pelton,* 67 Or. 239 (135 P. 755). As a general rule no demand for payment or for performance of a condition is required before proceeding to foreclose, unless demand is expressly required by the stipulation of the parties, or under peculiar circumstances requiring the same: 41 C. J. 877, § 1085; *Turnbow v. Keller,* 142 Or. 200 (12 P. (2d) 558, 19 P. (2d) 1089); *Giesy v. Aurora State Bank,* 122 Or. 1 (255 P. 467, 256 P. 763).

■ Therefore, the necessity of demand depends upon whether there was an agreement between plaintiff Grebe and Crynes for an extension of time to allow Crynes to rent the property and make payments from the rentals. Plaintiff Grebe testified positively that there was no such contract or arrangement between Crynes and himself, as alleged in the answer and cross-complaint of Crynes; that Crynes desired him to be lenient and let the matter stand for four or five months, and that before commencing foreclosure he plainly informed Crynes that he had waited long enough, and unless payment was made he would proceed to foreclose. Mr. Grebe thought that this notice was given to Crynes in December, or the first of January. His son testified that it was early in December. Crynes himself testified that in the last part of November Grebe told him he was going to foreclose the mortgage. The testimony of Crynes himself does not indicate that there was a contract for extension of time between him and plaintiff. Soon after he received a deed to the premises in talking with Grebe about repairing the premises and renting the same, Crynes testified that Grebe said:

" 'I think we can work the thing out.' I said, 'I would be only too glad to do it because I haven't got anything out of the bills that Mr. Rohrer owes me and I would be glad to get something out of it.' * * * He (Grebe) told me if I wanted to do that to go ahead and put the improvements on it and advertise it and see if we couldn't rent it. He said, 'After you get it fixed up it is possible that you can sell it and then we will both of us get our money out of it.' * * * He told me to go ahead and do it, and I agreed, as fast as I could, to pay up this back interest that was on it and take care of the back taxes and pay the taxes as it went along and keep the interest up.''

When Grebe was talking of foreclosing the mortgage Crynes testified:

"I told him, 'You agreed to let me fix this thing up and we would rent it, and if we got a chance to sell it you would take your money and if there was anything left I could take my money.' "

This version of the matter by Mr. Crynes shows that there was no agreement that he should have any preference on account of repairs made upon the house, or any extension of time for payment. The testimony plainly shows that the arrangement between plaintiff and defendant Crynes was nothing more than leniency on the part of plaintiff in allowing the mortgage to stand, and an attempt to make collection, at least, of some part thereof.

. When the house could not be rented and the taxes and interest were not paid, it was nothing more than equitable that plaintiff should foreclose the mortgage. The plaintiff paid a portion of the delinquent taxes and Crynes repaid the plaintiff a portion thereof. The matter drifted along, and Grebe frequently requested Crynes to make satisfactory arrangements by giving a new mortgage on the property, which Crynes finally refused to do. About November, 1932, Grebe demanded that Crynes do something, either buy the mortgage at a discount of $150 or $200, or give the plaintiff a deed for a reasonable consideration or pay something on the mortgage and make a new mortgage, with additional time of two or three years. Crynes would not accept any of these propositions and said that he wanted to talk with his wife, and Grebe told him that he had let the matter drift as long as he could and that if he wanted to delay further and talk with his wife to do so that day, and unless he did something

he would have to foreclose the mortgage. Hearing nothing more from Mr. Crynes, some forty days later he filed this suit to foreclose.

It follows that the decree of the circuit court must be affirmed.

RAND, C. J., and CAMPBELL and BAILEY, JJ., concur.

---

Objections to cost bill overruled September 18, 1934

### ON OBJECTIONS TO COST BILL
(35 P. (2d) 985)

BEAN, J. Appellants filed a cost bill aggregating the sum of $100.55, to which objections are interposed by plaintiff. The plaintiff-respondent filed a cost bill claiming costs in the sum of $49.75, to which objections are interposed by appellants upon the ground that this is an equity suit and that it is inequitable to allow any costs and disbursements against these appellants.

The suit was instituted to foreclose a mortgage and the appellants, F. S. Crynes and Effie Crynes, interposed an answer and counterclaim in the sum of $725 as being superior to the interest of the plaintiff mortgagee. The circuit court decreed a foreclosure of the mortgage, denied the counterclaim of appellants F. S. Crynes and Effie Crynes and rendered a judgment for costs against the appellants. The appellants Crynes appealed. Upon the hearing in this court the decree of the circuit court was affirmed and the Crynes failed to prevail or sustain their counterclaim.

■ Section 7-607, Oregon Code 1930, provides, in substance, that in a suit, costs and disbursements shall be allowed to a party in whose favor a decree is given, in like manner and amount as an action, without refer-

ence to the amount recovered or the value of the subject of the suit, unless the court otherwise directs. The decision and decree in this court was favorable to the plaintiff and no order was made absolving the appellants from payment of costs, and, we think, under the circumstances of the case, that none should be made, that the objections of plaintiff-respondent to the appellants' cost bill, as they did not prevail upon the appeal, should be sustained, and the costs claimed by F. S. Crynes and Effie Crynes are disallowed. The plaintiff, who was compelled, in order to foreclose the mortgage, to defend upon the appeal, having prevailed, is entitled to recover costs, and the objections to respondent's cost bill are overruled.

■ There is no objection filed to the items of cost but to the cost bill as a whole; therefore, there is no necessity for a taxation of the costs.

Respondent is allowed costs in the sum of $49.75.

RAND, C. J., and CAMPBELL and BAILEY, JJ., concur.