Argued May 11; affirmed June 28, 1938

# ALLEN *v.* BAKER
(80 P. (2d) 709)

In Banc.

*William M. McAllister*, of Medford (A. E. Reames, of Medford, on the brief), for appellant.

*Porter J. Neff*, of Medford (Neff & Frohnmayer, of Medford, on the brief), for respondent.

BELT, J.    This is a suit to foreclose a mortgage on certain land in Jackson county, Oregon. It appears from the amended complaint that, on May 17, 1934, Harry E. Leland and his wife, Lethe E. Leland, executed a note and mortgage in favor of the United States Fidelity and Guaranty Company and that such mortgage—which was later assigned to plaintiff—was duly recorded in Jackson county, Oregon, on June 2, 1934.

Harry E. Leland died on June 5, 1937, leaving surviving him his wife as his sole heir at law. An administrator was appointed to administer his estate. It was alleged that the land described in the mortgage was, at the time of the execution thereof and ''at the time of his death owned by the said Harry E. Leland''. It was also alleged:

''That the defendants Raymond Reter and Mildred Reter, his wife, Pinnacle Packing Company, Pinnacle Credit Corporation, The First National Bank of Seattle, and Marie Dupree and John Doe Dupree, her husband, claim some right, title, interest, lien or estate in or to said premises, or some part thereof, but that in each and every instance the claim of such defendant and each and every thereof, is inferior and subordinate to the lien of this plaintiff by virtue of its said mortgage.''

To this amended complaint the defendants, Louis R. Baker, administrator of the estate of Harry E. Leland, deceased; Raymond R. Reter, and Mildred Reter, his wife, interposed a demurrer on the ground, among others, that the court had no jurisdiction of the sub-

ject matter. The trial court overruled the demurrer and allowed the defendants 10 days within which to further plead. Thereafter the defendant Louis R. Baker, administrator, filed what is designated as a "special plea to the jurisdiction" stating therein that he did so "without waiving his right to answer to the merits of the cause". In this so-called special plea, it is alleged:

"I.

That said amended complaint does not state facts sufficient to constitute a cause of suit against this defendant.

"II.

That this Court has no jurisdiction of the subject matter of this suit.

"III.

That this Court has no jurisdiction of the subject matter of this suit so far as this defendant is concerned.

"IV.

That the plaintiff has a plain, speedy and adequate remedy at law.

"V.

That heretofore on the 24th day of April, 1933, the above named Harry E. Leland was the owner and in the possession of all of the land, tenements and hereditaments referred to in paragraph IX of said amended complaint, and described in Exhibit 'A' thereto, and which are situate in Jackson County, Oregon, and described as follows, to wit: (Description).

"That on said date said Harry E. Leland and his wife, the above named Lethe E. Leland, made, executed and delivered to the above named defendant Raymond R. Reter their warranty deed to all of said premises, warranting that they were the owners thereof and that the same were free from encumbrances except as to the lien of a certain mortgage referred to therein. That upon the execution of said deed it was delivered to the said Reter, who then entered into and upon the

possession, use and occupation of all of said premises, and ever since has been and still is the owner and in the possession thereof.

"That on the 27th day of April, 1933, said deed to the said Reter was duly recorded in the Deed Records of Jackson County, Oregon; and that neither the said Raymond R. Reter or his wife, have ever conveyed or transferred the title to said property nor any portion thereof to anyone, and said Raymond R. Reter still holds and possesses the same.

"That on the 17th day of May, 1934, the date at which the plaintiff in paragraphs VIII and IX of said amended complaint alleges that said Harry E. Leland and Lethe E. Leland executed the said mortgage set forth and referred to in said paragraphs, said Raymond R. Reter was in such ownership and possession of said premises, and has ever since continued in said ownership and possession thereof.

"That by reason of the facts set forth herein this Court has no jurisdiction of the subject matter of the suit, either as to this defendant or otherwise, nor does said complaint state a cause of suit against this defendant, and the plaintiff has a plain, speedy and adequate remedy at law."

In the prayer, the defendant asks that the cause be dismissed as to him.

Substantially the same plea, viz, an objection to the equitable jurisdiction was filed by the defendants Raymond R. Reter and Mildred Reter, his wife.

On July 20, 1936, the motions for judgment of dismissal as to the defendants Raymond R. Reter and his wife and as to Louis R. Baker, administrator, came on for hearing. Upon application of the plaintiff, the matter was continued in order to afford him an opportunity to reply to the special plea objecting to the jurisdiction of the court. Thereafter, the plaintiff, instead of moving to strike, filed a reply to the "answer" of

defendant Louis R. Baker, administrator, alleging in substance that he ought to be estopped from asserting that the decedent Harry E. Leland and his wife were not the owners of the real property described in the mortgage. After this reply was filed, the court, upon motion of the plaintiff, dismissed the suit as to the defendants Raymond R. Reter and his wife, but denied the motion for dismissal as to defendant, Louis R. Baker, administrator. Defendant Baker was granted 10 days time in which further to plead but he failed and refused to do so. It was stipulated that the cause should be dismissed without prejudice as to the defendants Pinnacle Packing Company, Pinnacle Credit Corporation and the First National Bank of Seattle, and an order of default was entered against defendants Lethe E. Leland and Marie Dupree.

Prior to the order of dismissal, the plaintiff made application to file a second amended complaint wherein, among other things, it was alleged that the instrument, in form a deed, which was executed by Harry E. Leland and Lethe E. Leland, his wife, on or about April 24, 1933, purporting to convey the real property in controversy to Raymond R. Reter, was, in fact, executed for the purpose of securing repayment of money advanced by Reter pursuant to the terms of a certain agreement. The court, however, on the objection of the defendant Louis R. Baker, administrator, and that of defendants Reter and wife, denied the application of the plaintiff to file the amended pleading.

After the cause was thus put at issue the matter came on for hearing without any appearance on behalf of any of the defendants, and no evidence, according to the certificate of the clerk, was introduced, excepting that of a documentary character, viz., (1) The

assignment of the mortgage from the United States Fidelity and Guaranty Company to the plaintiff; (2) the note of Harry E. Leland and wife to the United States Fidelity and Guaranty Company; and (3) the mortgage described in the amended complaint.

The trial court entered a decree fixing the amount due on the note and mortgage and adjudged the same to be:

"* * * first and prior lien upon all the right, title, interest, lien and estate which Harry E. Leland and Lethe E. Leland, or either of them, held in and to the following described real property, to-wit: (Description) on the 17th day of May, 1934, or at any time thereafter, and upon all the right, title and interest which the defendant Louis R. Baker, as administrator of the estate of Harry E. Leland, deceased, and upon all the right, title, estate and interest which the defendants Lethe E. Leland and Mary Dupree, as heirs at law of Harry E. Leland, deceased, hold or have at any time held in or to said real property, or any part thereof.

"It is further ADJUDGED and DECREED that said premises be sold in the manner provided by law for the satisfaction of this decree and plaintiff's said mortgage, and that the purchaser at said sale be entitled to the immediate possession of said premises as against the defendants Lethe E. Leland and Marie Dupree, and the defendant Louis R. Baker, as administrator of the estate of Harry E. Leland, deceased, and that said purchaser become the owner of said premises free, barred and foreclosed of any right, title, interest, lien or claim of said defendants Lethe E. Leland, Marie Dupree and Louis R. Baker, as administrator of the estate of Harry E. Leland, deceased, or any of them, therein or thereto except the right of redemption provided by law."

From the above decree, the defendant Louis R. Baker, as administrator of the estate of Harry E. Leland, deceased, appeals.

■ The trial court was right in dismissing the suit as to the defendants Reter: *Gennes v. Peterson*, 54 Or. 378 (103 P. 515). The general allegations of the amended complaint that whatever right, title and interest they had were "inferior and subordinate to the lien of the plaintiff by virtue of its said mortgage" amounted to only a conclusion of law: *Giesy v. Aurora State Bank*, 122 Or. 1 (255 P. 467, 256 P. 763). As stated in that case on rehearing:

"When a plaintiff in a suit to foreclose his mortgage lien undertakes to make a party defendant of the holder of a prior mortgage or interest in the property sought to be foreclosed for the purpose of liquidating the prior lien or having the prior lien declared subordinate to plaintiff's lien, the facts showing this purpose should be clearly stated in the complaint: 1 Wiltsie on Mortgage Foreclosure (3 ed.), § 211; Tax Lien Co. v. Schultze, 213 N. Y. 9 (106 N. E. 751, Ann. Cas. 1916C, 636, L. R. A. 1915D, 1115), and cases there cited."

If the plaintiff claimed that the instrument, in form a deed, was in fact given as security for the payment of money, the facts should have been so alleged. Under such allegations of fact, the plaintiff mortgagee would have had, under the statute (§ 6-502, Oregon Code 1930), the option of making the person having a prior lien a party defendant. The defendants Reter, however, in asserting their alleged paramount title by virtue of what purports to be a warranty deed, did not ask to have such title adjudicated but prayed for a dismissal of the suit as to them. If Reter had consented to an adjudication of what he claimed was a paramount title, a different question would be presented: *Barnes v. Anderson*, 108 Or. 503 (217 P. 836). As the matter now stands the decree entered is a nullity so far as affecting the interests of the defendants Reter. There has been no adjudication of their rights. The rights of these de-

fendants are not before the court for consideration. At their own instance and request the suit was dismissed as to them. The court is now concerned with the right of the appellant mortgagor to complain because the suit was not dismissed as to him.

■ It is the appellant mortgagor's contention that equity had no jurisdiction to declare a foreclosure of the alleged lien for the reason that, under the pleadings, a fee simple title appeared to be vested in Reter and, hence, there was no real property in court upon which to foreclose. In our opinion the fallacy of this contention lies in the assumption that there has been an adjudication of Reter's alleged paramount title. That question has not been determined in this proceeding. The decree purports to foreclose only whatever interests, if any, the appellant mortgagor had in the real property as of the date upon which the mortgage was executed. It does not purport to divest Reter of any rights in the property whether the conveyance under which he holds be considered a deed or a mortgage.

■ It does not lie in the mouth of the appellant to assert that he had no interests in the real property at the time he executed the mortgage thereon. It is no defense for him to allege that he conveyed the property to some third person or that the mortgagee's lien is inferior to some other prior lien: Wiltsie on Mortgage Foreclosure (4th Ed.) § 159. That appellant is estopped under the admitted facts in this case is clearly established: Jones on Mortgages (8th Ed.), § 844; 10 R. C. L. 757; 21 C. J. 1068; *Carson v. Cochran*, 52 Minn. 67 (53 N. W. 1130). Any other rule would put a premium upon unclean hands.

The decree is affirmed.

RAND and LUSK, JJ., not sitting.